### Hugh Daily, Administrator, *vs.* The New York and New Haven Railroad Company.

The dying declarations of a person fatally injured by the act of another, as to the facts attending the injury, are not admissible in evidence against the defendant in a civil suit brought for the injury.

Upon a hearing in damages after a demurrer to a declaration charging an injury by the negligence of the defendant, the defendant may show, for the purpose of reducing the damages to a nominal sum, that the plaintiff was guilty of negligence directly contributing to the injury.

Action on the case, by the plaintiff as administrator of Michael Dailey deceased, for an injury to the latter through the negligence of the defendants, by which he died soon after. The defendants demurred, and the superior court (*Phelps, J.,*) overruled the demurrer and heard the case in damages. Upon this hearing the court found that the deceased was struck by the locomotive of the defendants while he was walking upon the track of the railroad, through a narrow cut within the city of New Haven, soon after dark, and that he died a few hours after; that the defendants were culpably negligent in the management of their train, but that the deceased was chargeable with gross and culpable negligence which materially contributed to the injury; and assessed nominal damages.

Upon the trial the plaintiff, for the purpose of showing the

circumstances under which the deceased was struck by the locomotive, offered to prove his dying declarations made under a sense of impending dissolution. To this evidence the defendants objected and the court rejected it. The defend ants, as bearing upon the question of how much damage they should pay, offered evidence to show that the deceased was guilty of such negligence as materially and directly con- tributed to produce the injury which he received. This evi- dence was received without objection, but in the argument of the case the plaintiff claimed that the defendants by their demurrer admitted a cause of action and that the plaintiff was not guilty of such negligence, and that it was not competent for the plaintiff to prove nor for the court to find that the plaintiff was guilty of such negligence; but the court over- ruled the claim of the plaintiff.

The plaintiff moved for a new trial.

*Doolittle*, in support of the motion.

1. The court erred in excluding the dying declarations of the deceased. Every principle which renders them admissi- ble in a criminal case is equally applicable to a civil case. 1 Greenl. Ev., § 156 ; 1 Phill. Ev., (C. & H. ed.,) chap. 8, § 6 ; *McFarland* v. *Shaw*, 2 Carolina Law Repository, 102.

2. The court erred in admitting evidence that the deceased was guilty of negligence conducing to the injury. The demurrer admitted a cause of action and right of recovery. Evidence of negligence on his part went to disprove this, and it had nothing to do with the measure of the actual damage sustained, which was the whole subject of enquiry before the court. *Hyde* v. *Moffat*, 16 Verm., 271, 279 ; *Norris* v. *Litchfield*, 35 N. Hamp., 271; *Smith* v. *Eastern Railroad Co.*, id., 356 ; *Corey* v. *Bath*, id., 530 ; *May* v. *Princeton*, 11 Met., 442 ; *Paterson* v. *Wallace*, 28 Eng. L. & Eq., 48.

*Blackman* and *Watrous*, contra.

HINMAN, C. J. Two questions are raised by the plaintiff upon this record. First, that the court erred in rejecting

certain declarations of the deceased made after he received the injury for which the action is brought, and while he was under a sense of impending dissolution ; and secondly, that the court erred in permitting the defendants to prove gross negligence in the deceased which materially contributed to the injury. The superior court was most clearly correct upon both of these questions.

Dying declarations are only admissible in criminal cases, where the death of the deceased is the subject of the charge, and the circumstances of the death the subject-matter of the declaration. There are very few cases any where in which this rule has been departed from, and we have always acted upon the well settled law of England on the subject. *The King* v. *Mead,* 2 Barn. & Cress., 605 ; *Wilson* v. *Boerem,* 15 Johns., 286 ; *The King* v. *Lloyd,* 4 Car. & P., 233.

In regard to proof that the negligence of the deceased contributed to produce his injury, the case is not distinguishable in principle from that of *Havens* v. *The Hartford and New Haven R. R. Co.,* 28 Conn., 69, in which this subject underwent a very thorough examination. That case was like this, a hearing in damages after the defendants' demurrer had been overruled, and proof was introduced to show that the wrongful acts of the plaintiff himself contributed to his injury.

We do not advise a new trial.

In this opinion the other judges concurred.