NELSON MERRIAM vs. THE CITY OF MERIDEN.

43   173
63   275
63   456

The city of *M*, by its proper officers, laid out certain alterations of a street, which required the excavating of the front of the house lot of the plaintiff. The city had the damages assessed in due form under its charter, and the plaintiff appealed from the assessment. While the appeal was pending the plaintiff and the city entered into an agreement for the settlement of the matter, by which the city was to make the excavation, and was to pay the plaintiff $1,650 in settlement of the appeal, which the plaintiff was to withdraw on the money being paid. Soon after, and before the money was paid or the appeal withdrawn, the city commenced the removal of earth from the plaintiff's land, upon which the plaintiff demanded immediate payment of the amount stipulated, and on its being refused forbade the further prosecution of the work. The city proceeding with the work, the plaintiff brought an action of trespass, in which, upon demurrer overruled, the court assessed the damages at $2,000. Held—

1. That while, under the original proceeding, the city could not have entered upon the land until the assessed damages were paid, yet the contract was an independent matter, and under it the city had a right to proceed with the work, the payment of the money not being a condition precedent, but resting only on the promise of the city, which the plaintiff could enforce in the ordinary way.

2. That the license given by the plaintiff in the contract, being itself a part of the contract, could not be revoked.

3. That the forbidding of the city to proceed with the work was not a rescinding of the contract.

4. That if the plaintiff, on the city's refusing on demand to make payment within a reasonable time, could have rescinded the entire contract, yet that he could not rescind a part only.

5. That the court should have assessed only nominal damages.

TRESPASS *qu. cl. fr.*, brought to the Superior Court in New Haven County, and heard in damages, on demurrer overruled, before *Hitchcock, J.* The court found the following facts.

The plaintiff was, at the time of the transactions hereinafter stated, and still is, the owner of a homestead, fronting on Colony street in the city of Meriden, one hundred and thirty-two feet front by two hundred and twenty-five feet deep. On the 22d day of April, 1872, the common council of the city of Meriden widened Colony street, and thereby took off from the lot a strip of land about eleven feet wide.

As the common council were unable to agree with the property owners on the street as to the damages, the matter was

referred to the board of compensation, and on the 27th of May, 1872, the board reported to the common council, assessing to the plaintiff $450 damages, which report was accepted on the same day. On the 19th of June, 1872, the plaintiff took an appeal from this assessment to the Superior Court for New Haven County, which appeal is now pending.

On the 26th of May, 1873, after the appeal had been pending nearly a year, the common council passed the following vote. "*Voted*, that the street commissioner be, and he hereby is, instructed to settle with Nelson Merriam for a sum not exceeding $1,650."

On the 30th of May, 1873, the plaintiff and defendants made the following contract:

"Whereas, in the matter of the lay-out and alteration of Colony street, Nelson Merriam was aggrieved at the award of the board of compensation of the city of Meriden, in the matter of damages awarded to him, and took his appeal to the Superior Court for New Haven County, where said appeal is still pending; and whereas the court of common council of the city of Meriden has authorized the street committee to make a settlement with said Nelson Merriam, upon the basis of the specifications submitted by him, provided said settlement could be made for a sum not exceeding sixteen hundred and fifty dollars. Therefore the said Nelson Merriam, and the city of Meriden by its street committee, have agreed as follows, viz.: The city of Meriden is to make the necessary excavation for wall in front of the premises of said Merriam, including foundation therefor, with all excavation for sidewalk and steps and the foundation therefor. And said city of Meriden agrees to pay to the said Nelson Merriam the sum of sixteen hundred and fifty dollars in settlement of his said appeal. In consideration whereof, the said Nelson Merriam withdraws his appeal and makes no further opposition to the said alteration as fixed by the common council, said appeal to be withdrawn upon the payment to said Merriam to his satisfaction of the above sum. Meriden, May 30th, 1873.

(Signed,)                                        A. C. WETMORE,
                                                     *Chairman Street Committee.*
                                                   NELSON MERRIAM."

On the 2d day of June, 1873, the common council passed the following vote: "*Voted*, that the city clerk be authorized to draw his order on the city treasurer for $650, in favor of Nelson Merriam, and that the treasurer be authorized to give the city's note for the amount of one thousand dollars in settlement for grading, building wall, and steps."

Immediately after the execution of the contract on the 30th of May, 1873, the plaintiff left the state, and remained absent until the 14th of June, 1873, and in his absence the city, without his knowledge, began to excavate the earth and rock on his homestead. On the day of his return he found that the city had begun the work, and immediately called on the city clerk, and treasurer and the mayor of the city, and demanded payment of the $1,650, which the city and its officials refused to make, and the city has never paid the same or any part thereof to the plaintiff; and the plaintiff, immediately after the refusal, forbade the city officials and the persons engaged in making the excavation to enter upon the land and make any excavation, or remove any earth or rock therefrom; but the city and its servants continued to remove the earth and rock from the premises and to excavate, and sold quantities of rock to divers persons to build cellar walls with, received the pay for the same and placed the same in the city treasury, down nearly to the time of the bringing of the present suit, leaving the premises from that time to the present almost wholly inaccessible from Colony street, the side next to the street being left in a rough and jagged condition, with a perpendicular descent.

Before the commission of the above acts the homestead, by an easy slope, with a well-kept lawn and well-grown shade trees, descended to the street line, terminating and abutting on the street with a bank wall about five feet high, with steps in a recess at or near each end, and approaching the house with curved walks, paved and of easy grade. Outside of the wall was a wide paved walk about three or four feet above the traveled track of the carriage way.

On the 16th day of June, 1873, the common council passed the following vote. "*Voted*, that we rescind the vote passed

at the last meeting authorizing the city clerk to draw his order for $650 in favor of Nelson Merriam, and the city treasurer to give the city's note for $1,000 in settlement for grading, building walls and steps.

"*Voted,* that the city of Meriden pay Nelson Merriam $1,650, whenever he shall finish his part of the contract as recommended by the committee on streets and adopted by the council."

For the above acts of trespass the present suit was brought.

On the hearing in damages the defendants having proved the foregoing facts, claimed that the law was such upon the facts that the defendants were not liable to pay more than nominal damages. 1st. Because the persons entering the land of the plaintiff were licensed so to do by the contract which the plaintiff had made with the city. 2d. Because the city was not responsible for the tortious acts of the workmen employed by the contractor acting beyond the power of the city. 3d. Because there was an appeal pending from the assessment of the board of compensation upon which the plaintiff could recover all of his real damages.

The court overruled all of these claims of the defendants, so far as to hold that the plaintiff was entitled to more than nominal damages, and rendered judgment for the plaintiff to recover the sum of $2,000 damages. The defendants moved for a new trial for error in the rulings of the court, and on the ground that the damages were excessive.

*G. H. Watrous* and *R. Hicks,* in support of the motion.

1. The defendants had a right under the contract to enter upon the land of the plaintiff. The plaintiff could not revoke the license after the city had nearly completed the work. Hermon on Estoppel, 437. Payment of land damages is a condition precedent to the occupation of the land by the city, but this condition is for the benefit of the land owner and may be waived, even by parol. *McAulay* v. *Western Vermont R. R. Co.,* 33 Verm., 311, 323.

2. The proper remedy for the plaintiff is to sue for the $1,650 agreed upon in the contract, or for damages for breach

of the contract. No subsequent act of the city could deprive him of his remedy on the contract after they had entered upon the performance of the contract. A party cannot recover in tort when he should sue on contract. 1 Chitty Pl., 136. Trespass does not lie, but an action on the case is the appropriate remedy for the wrongful acts of the servants of the defendants. 1 Swift Dig., 72.

3. The city of Meriden is not responsible for the tortious acts of its officers and workmen acting *ultra vires.* [This point was elaborately argued, but not being considered by the court, the authorities cited are omitted.]

4. The damages awarded are exorbitant and unreasonable. The plaintiff agreed to take $1,650 in full settlement of his appeal. All the damage he is entitled to in this action, if any, is for the temporary inconvenience arising from the occupation of his land a little while before the city had a right to enter upon it. There is an appeal pending from an assessment of damages and benefits, for the taking of this very land for street purposes. The plaintiff will recover in that action all the substantial damage that he has received or will hereafter receive. If he recovers more than nominal damages in this action, he will be twice paid for the same thing.

*T. E. Doolittle* and *G. W. Smith,* contra.

1. With regard to the license. Until the settlement of the appeal taken by the plaintiff, the city had no right to enter upon his land. City Charter, sec. 60. The city had no greater rights under the contract than under the charter; because the contract provides that it is in settlement of the appeal, and it is expressly provided therein that the appeal is not to be withdrawn until the sum of $1,650 is paid. And no license can be inferred from the language used, until performance by the city. The language shows that the receipt of the money was the condition of withdrawal of the appeal, and that until such time there was no license. If, however, there was a license under the original agreement, that license terminated on the refusal of the city to perform its part of the agreement. The license, if any, was contingent upon the

performance by payment. The city refused to perform, and by their act the contingency, under which they might have claimed the right, was at an end. If it did not so terminate of itself, yet the plaintiff revoked it on the refusal of the city to pay. He gave notice to the defendants to that effect and forbade an entry on the land. This was a clear revocation of the license. *Dodge* v. *McClintock*, 47 N. Hamp., 383; *Marston* v. *Gale*, 24 id., 176; *Kellogg* v. *Robinson*, 32 Conn., 335; *Collins Co.* v. *Marcy*, 25 id., 239; *Foot* v. *N. Haven & Northampton Co.*, 23 id., 214; *Prince* v. *Case*, 10 id., 375; 2 Waterman on Trespass, §§ 794, 798.

2. As to responsibility for the tortious acts of the workmen of the contractor beyond the power of the city. The facts do not show such acts. The city did the work, and is therefore responsible. *Hildreth* v. *City of Lowell*, 11 Gray, 345; 2 Dillon Municp. Corp., §§ 766, 7, 8, 9. All the work was within the general power of the corporation. 2 Dillon Municp. Corp., § 767.

3. The pending appeal. The city, until the appeal is determined, is a trespasser, if it takes possession of the property which is the subject of appeal. *Nicholson* v. *N. York & N. Haven R. R. Co.*, 22 Conn., 74; *Lee* v. *Village of Sandy Hill*, 40 N. York, 442; 2 Dillon Municp. Corp., § 769. Such taking subjects the city to all the damages arising necessarily from its acts.

4. The damages are not excessive. The demurrer admits a cause of action upon which the plaintiff is entitled to nominal damages, without the introduction of any evidence. *Havens* v. *Hartford & N. Haven R. R. Co.*, 28 Conn., 90. The plaintiff gave evidence of actual damages, the defendants also introducing testimony upon the same point, and the judge, upon the whole evidence, awarded the plaintiff $2,000 as his actual damages. The judgment was on a question of fact, and without the evidence given at the trial this court has no means of reviewing it. The court will not set aside a judgment as for excessive damages, when the proper amount of damages must necessarily be matter of opinion, depending on conflicting testimony. *Johnson* v. *Scribner*, 6 Conn., 189;

*Bulkley* v. *Waterman*, 13 id., 333; *Nicholson* v. *N. York &
N. Haven R. R. Co.*, 22 id., 74.

PARK, C. J.  We think the court erred in rendering judg-
ment for more than nominal damages in this case, and there-
fore a new trial must be advised.

It appears that the defendants, by their proper officers, laid
out certain alterations to be made in North Colony Street,
which was one of the public streets in the defendant city.
The alterations required the taking of certain lands belonging
to the plaintiff.  The damages to the plaintiff resulting there-
from were duly appraised.  The plaintiff was not satisfied
with the amount awarded him, and entered an appeal.  While
the appeal was pending, the defendants and the plaintiff
entered into an agreement in writing, to settle the matters in
controversy between them pertaining to the appeal.  In this
agreement the defendants bound themselves to pay to the
plaintiff the sum of sixteen hundred and fifty dollars in set-
tlement of the appeal, and in consideration thereof the plain-
tiff agreed to withdraw his appeal when this sum should be
paid.  The agreement was signed by the parties on the 30th
day of May, 1873.  Immediately thereafter the plaintiff left
the city and state, and was absent till the 14th day of June
following.  In the meantime the defendants commenced
making the excavations upon the plaintiff's land, which were
necessary for the alterations of the street contemplated by
the agreement.  The plaintiff on his return demanded of the
defendants payment in cash of the sum named in the agree-
ment.  The defendants, by their common council, had previ-
ously passed a vote instructing their clerk to draw an order
on their treasurer in favor of the plaintiff, for the sum of six
hundred and fifty dollars, and further instructing their treas-
urer to give to the plaintiff a city note for the sum of one
thousand dollars.  In these circumstances the officers of the
city on whom the demand was made, refused compliance with
it, but two days thereafter the common council passed another
vote to pay the plaintiff in cash the amount provided for in
the agreement, whenever he should finish his part of the con-

tract. On the refusal of the defendants to comply with the plaintiff's demand, the plaintiff forbade their further prosecution of the work, but the defendants went on with it. The plaintiff has never been paid the amount provided for in the agreement, nor has he withdrawn his appeal.

These are the principal facts of the case, and they are sufficient for our purpose.

The plaintiff insists that the defendants had no right under the agreement to enter upon his land to do the work provided for in it, before they had paid the sixteen hundred and fifty dollars. He considers the payment of this sum a pre-requisite to their right to enter upon the land. But there is nothing in the agreement which lays the foundation for this claim. No time is specified or alluded to when the money should be paid. It must be paid before the plaintiff would be bound to withdraw his appeal, but the withdrawal of the appeal has no connection with the commencement of the work. Suppose A should make a contract in writing with B that for the sum of fifty dollars B might build a house upon A's land; and suppose that immediately after the signing of the contract A should leave the country, and be absent for six months, and on his return should find that B in his absence had constructed the foundation, and was building his house upon it, according to the agreement. Could A justly claim that the payment of the fifty dollars was a condition precedent to B's right to commence the construction of his house, when no time was mentioned in the agreement when the fifty dollars should be paid? And could A rescind the contract and treat B as a trespasser for what had been done, if he should fail to make immediate payment upon demand? We think not. The contract would be regarded as a license to B to enter upon the land of A which could not be revoked after B had made entry upon the land, and had partially constructed his house, in accordance with the agreement, simply because he did not pay the money on demand. In such a case there would be no refusal by B to perform the agreement. The refusal would be to pay the money when demanded, and not an absolute refusal ever to pay it. A court of equity would compel A to

give a deed on payment of the fifty dollars, should a proper proceeding be brought for the purpose. So here, the defendants never refused to perform their agreement. The refusal was confined to paying the money when demanded. Neither was there any attempted rescission of the contract by the plaintiff. He forbade the defendants, it is true, to go on with the work before the money was paid. But he claimed then, as he does now, that the payment of the money was a condition precedent to the existence of a right to enter upon his land, because the payment of the money must precede the withdrawal of the appeal, and under the appeal the defendants would have no right to enter upon his land until the damages were paid. He contends that the defendants could have no greater rights under the contract than they would have had under the appeal, and that consequently the damages fixed by the contract must have been paid before a right to enter upon the land could come into existence.

There is fallacy in this argument. The contract is wholly independent of the appeal. It fixes the damages and provides a mode for taking the land different in every respect from that provided by the charter and recognized in the appeal. The contract refers to the appeal in order to show what matters it is dealing with and settling, and the provision that the payment of the money and the withdrawal of the appeal should be concurrent acts, was doubtless inserted so that if, for any cause, the contract should be abandoned by the parties, the plaintiff could then prosecute his appeal. It is clear that the contract makes no reference to the appeal for the purpose of making some of the provisions of the charter a part of the contract. The contract is entire of itself. When the damages provided by it are paid, the appeal will be settled, whether it is withdrawn or not. We are satisfied that there is no foundation for the claim that the contract makes the payment of the money a condition precedent to the right of the defendants to enter upon the plaintiff's land.

But it is said that the contract confers upon the defendants no license to enter upon the land before the money is paid. This claim seems to be an amplification of the one we have

considered, for if the payment of the money is not a condition precedent to the defendants' right to enter upon the land, it is difficult to see why the views we have expressed do not fully answer it. We do not see why the contract does not import a license before the payment of the money as well as after. Indeed, in looking at this contract one would almost suppose that the defendants were under obligations to the plaintiff to enter upon the land and perform the work. The contract says, "the city of Meriden is to make the necessary excavation for a wall in front of the premises of said Merriam, including the foundation therefor, with all excavations for side-walk and steps, and the foundation therefor." But it is unnecessary to pursue this claim, for it is based upon the same ground as the one considered, namely, that the payment of the money is a condition precedent to the defendants' right or license to enter upon the plaintiff's land. When the money is paid, the right is conceded. It follows therefore that the right must exist before the money is paid, unless the payment is a condition precedent.

We have now considered the principal claims of the plaintiff, and the only ones which appear at all tenable in his behalf. But he further insists that if the contract operated as a license to the defendants to enter upon his land, the license could be revoked, and that it was revoked when the plaintiff forbade the further prosecution of the work. If the plaintiff is right in this claim, it is not sufficient to prevent a new trial of the cause, for he has recovered damages on the ground that the defendants were trespassers from the beginning, when it is clear that no damages were recoverable before the revocation was made. But if the contract grants a license to the defendants to enter upon the land, how can the license be revoked and the contract still remain in full force? The license is a part of the contract. The claim concedes it; and it is manifest that a part of a contract cannot be rescinded without rescinding the whole of it, for the contract is an entirety. It is not pretended that the plaintiff rescinded the contract, or attempted to rescind it, when he forbade the defendants to further prosecute the work. Whether it could have been done

if their refusal to pay the money had been absolute, it is unnecessary to state, for the refusal was not absolute, neither did the defendants break their contract by refusing to pay, when payment was demanded. The contract gave them a reasonable time in which to make payment. They had had no opportunity to do so when it was demanded. The case finds that the plaintiff had been absent from the state all the intervening time, and as soon as he returned he made demand, and as soon as his demand was refused forbade the defendants to make further entry upon his land.

We think the contract gave the defendants a license to enter upon the plaintiff's land, and do the work provided for in it, which was not revoked by the act of the plaintiff in forbidding the further prosecution of the work. And inasmuch as it does not appear that the defendants did any thing more than they were authorized to do by the contract, we think the damages should have been nominal.

A new trial is advised.

In this opinion the other judges concurred.