JACOB B. BATCHELDER *vs.* GEORGE M. BARTHOLOMEW AND OTHERS, TRUSTEES.

Upon a hearing in damages after a default, in an action on the case charging an injury by the negligence of the defendants, the defendants may show, for the purpose of reducing the damages to a nominal sum, that they were not guilty of negligence.

And it makes no difference whether the injury charged is one to the person of the plaintiff or to his property.

Nor that the damages are entire and indivisible.

[Two Judges dissenting.]

CASE for an injury to the property of the plaintiff by the negligence of the defendants, who were trustees of the Hartford, Providence & Fishkill Railroad, and as such were operating the road; brought to the Superior Court in New

London County. The defendants suffered a default and the case was heard in damages. Upon the hearing the court found the following facts:

The defendants, while running a train of cars over their railroad, communicated fire to the wood-land of the plaintiff by means of sparks from their locomotive engine, and about seventy acres of land, covered to a great extent with wood and young forest trees, was burned over, and damage to the extent of four hundred dollars was done to the property of the plaintiff. The defendants offered evidence to prove that they were guilty of no negligence whatsoever in the matter; that the engine had all the latest improvements for the prevention of the escape of sparks of fire, and consequently that the damage done to the property was the result of inevitable accident. This evidence was offered for the purpose of reducing the damages to a nominal sum. The plaintiff objected to the reception of the evidence, on the ground that the defendants, by their neglect to traverse the declaration, and by suffering a default, conclusively admitted that they were guilty of negligence sufficient for the plaintiff to maintain his action against them; and that in a case like this of damage to property, which damage was incapable of division, the least sum the court could assess as damages consistent with the declaration, was the actual damage done to the property.

The court received the evidence subject to the objection. If it was proper to be received for the purpose intended, and, if sufficient, should have the effect claimed, then the court found that the defendants were guilty of no negligence, and assessed the damages at $50 as a nominal sum; otherwise, at the sum of $400.

The questions of the admissibility of the evidence and for which sum judgment should be rendered, were reserved for the advice of this court.

*J. Halsey* and *T. M. Waller*, for the plaintiff.

The defendants, for the purpose of reducing the damages to be awarded to the plaintiff below *actual compensation for*

*his injury*, and for no other purpose, offered evidence tending to prove that they were not guilty of negligence in the premises. The evidence was received subject to objection, and it is found that if the evidence was admissible for this purpose there was no negligence on the part of the defendants, and that if this deprives the plaintiff of a right to actual damages then they are to be nominal. The plaintiff made claim only for *compensatory* damages. He offered no evidence to prove negligence, relying upon the effect of the default for his right to recover such damages. It is respectfully submitted that the evidence offered by the defendants was inadmissible for the purpose stated, and that the plaintiff is entitled to judgment for his actual damage.

1. Letting judgment go by default is an admission of the cause of action. The rule on this subject is stated by Mr. Tidd, a writer of great authority, in his work on the "Practice of the Court of King's Bench," vol. 1, p. 508, 1st Am. ed., as follows:—"A judgment by default is *interlocutory* or *final.* When the action sounds in damages, as *assumpsit, covenant, trover, trespass, etc.,* the judgment is only interlocutory—that the plaintiff ought to recover his damages, leaving the amount of them to be afterwards ascertained." And on page 523, he says:—"Letting judgment go by default is an admission of the cause of action. And, therefore, where the action is founded on a contract, the defendant cannot give in evidence that it was fraudulent." Citing *East India Co.* v. *Glover,* 1 Stra., 612. Roscoe, in his work on Evidence, p. 36, says:—"Suffering a judgment by default is an admission on the record of the cause of action." The same rule is fully recognized by this court. Judge BUTLER in *Lamphear* v. *Buckingham,* 33 Conn., 252, says:—"The defendant by his demurrer and his omission to deny the facts, admitted *the cause* of action and *every material element* of it, and negligence was one of them." And again: "It is of no importance that the court has found there was no negligence in fact. The existence of sufficient negligence to give a right of recovery on the statute was a material fact, a material element of the cause of action, and was conclusively admitted."

So we say in this case, that the default admitted the existence of sufficient negligence to sustain our action, and our right to recover compensatory damages, which is the rule of damages if there was negligence at all.

2.   In this action the *extent* of the injury was not admitted by the default.    *Lamphear* v. *Buckingham*, 33 Conn., 237. Proof of the extent of the injury devolves upon the plaintiff. After he has offered evidence on that subject, the defendants offer rebutting testimony.    Their evidence for this purpose is, not that the injury was not sustained, but that they are not responsible for it.    A bare statement of the proposition is sufficient to show it illogical and absurd.    If the plaintiff claimed punitive damages, and offered evidence for that purpose, tending to prove recklessness or gross negligence, the defendants would have the right to offer evidence to the contrary, because this was not necessary to sustain the action, and was not admitted by the default, and the plaintiff could only recover such damages by proving such degree of negligence.    But in order to recover compensatory damages, no evidence of negligence is necessary upon an inquest of damages after default.    Logically stated the defendants' proposition stands thus: A default admits the cause of action, but not the extent of the injury.    Upon an inquiry into the extent of the injury we may defeat a right to recover compensation for the injury by showing that we were not negligent, and so not liable for the injury.    It is submitted that such a proposition is not sanctioned by any of the cases in this state, from *Havens* v. *The Hartford & New Haven R. R. Co.*, 28 Conn., 69, to *Carey* v. *Day*, 36 Conn., 152.

3.   Our damages are entire and indivisible, and arising from a single act of the defendants.    The *minimum* of damages is compensation.    Beyond that the *degree* of negligence would be a material inquiry.    As only minimum damages were claimed "it is of no importance that the court has found there was no negligence in fact."    BUTLER, J., 33 Conn., 252.

4.   It is immaterial whether our cause of action is admitted by default, or found by a jury.   The same *legal consequences* follow in one case as in the other—a right to compensation

for the injury. If the claim of the defendants in this case is
sustained, the constitutional right of the plaintiff to have his
cause of action tried by a jury is defeated. A defendant who
chooses to pay fifty dollars for the privilege, can transfer that
question from the jury to the court. An inquest of damages
by the court is a matter of practice, and is not a trial of a
cause, but merely ascertaining the damages arising from an
*admitted* cause of action, and is not therefore in violation of
the constitution. *Raymond* v. *Danbury & Norwalk R. R.
Co.*, 43 Conn., 596.

*J. C. Day*, for the defendants.

*First.* The course taken by the defendants in submitting
to a default and then showing in mitigation of damages that
there was no negligence on their part, was in accordance with
a practice followed in this state for many years in similar
cases, and their right to introduce the evidence in question is
plainly established by the following cases: *Havens* v. *Hartford
& N. Haven R. R. Co.*, 28 Conn., 69; *Daily* v. *N. York &
N. Haven R. R. Co.*, 32 id., 356; *Lamphear* v. *Buckingham*,
33 id., 237; *Daniels* v. *Town of Saybrook*, 34 id., 377; *Carey*
v. *Day*, 36 id., 152. There appears to be some conflict among
the English cases, but it is submitted that while the exact
question so clearly decided in Connecticut does not appear to
have been raised there, the following cases are in support of
the doctrine of this court, and are of at least equal weight
with any other that bear on the question. *Cox* v. *Perry*, 1
T. R., 464; *Williams* v. *Cooper*, 3 Dowl., 204; *Booth* v.
*Howard*, 5 id., 438; *Cook* v. *Hartle*, 8 Car. & P., 568. See
also 1 Chitty Pl., 662.

*Second.* But the plaintiff's counsel seek to distinguish the
case at bar from the above cases, and

1st. It is claimed on behalf of the plaintiff, that in a case
like this of damage to property, which damage is indivisible,
the least sum the court could assess as damages consistently
with the declaration, was the actual damage done to the prop-
erty. As the damages in this case are claimed for injury
done to wood, trees, fences, grass, and other material and

growth, being on seventy acres of woodland, they would seem to be as capable of division as the damages in any of the above cases, in all of which damages were sought either for injuries to the person or for loss of life by reason of the alleged negligence of the defendants. On the hearing in this case, the injury might have been shown to be an injury to the wood alone, or to the trees alone, or some of them, or to the fences alone, or to any part of the growth on the seventy acres of land, and such proof would have been sufficient under the general issue, and consistent with all the material allegations of the declaration. "A default in such a case would admit no more than what would be sufficient to decide the case in favor of the plaintiff upon the plea of the general issue." *Rose* v. *Gallup*, 33 Conn., 338. In actions of tort for unliquidated damages, a default or demurrer only admits that which it is necessary to prove in order to recover under the general issue. The only classes of cases in which by suffering a default the defendant admits a liability for the whole damages claimed, is a certain class of actions founded on contracts in writing, such as debt on bond for a sum certain, or assumpsit on a note or bill, or the class of actions on statutes or by-laws for definite penalties, etc. This distinction is clearly pointed out in *Lamphear* v. *Buckingham*, 33 Conn., 250. The same distinction is also pointed out less fully in 1 Swift's Dig., 784, and again by Judge Redfield in *Hyde* v. *Moffat*, 16 Verm., 271, in a dissenting opinion, the doctrine of which was afterward adopted by the court as correct in the case of *Webb* v. *Webb*, id., 636. His language is quoted with approbation by this court in *Havens* v. *Hartford & N. Haven R. R. Co.*, 28 Conn., 92. The case of *McAllister* v. *Clark*, 33 Conn., 253, is an instance of the second class abovenamed, being for a definite penalty given by a city by-law.

2d. On the hearing below it was suggested that there might be a distinction made between the case at bar and the case of *Carey* v. *Day*, on the ground that in the latter case there was a statutory limitation as to the amount of damages, fixing a definite maximum and minimum; but we submit that there is no possible distinction in principle as to the admission

Batchelder *v.* Bartholomew.

of evidence in mitigation of damages, whether the lowest limit be strictly nominal damages or a statutory minimum. The sole effect of the statute in this respect is to arrest the reduction of damages at the sum of $1,000 instead of permitting the reduction to reach the point of merely nominal damages.

3d. Nor is there any validity in the distinction suggested below between the case at bar and the class of cases to which *Carey* v. *Day* belongs, on the ground that the present case was based upon an injury to property while the other cases referred to are based upon an injury to the person. The question at issue being whether the defendants may show that there was no injury done to the plaintiff *through the fault or negligence of the defendants*, it is plainly immaterial to the point in dispute whether the injury were done to the person or to the property of the plaintiff.

4th. Nor is there any validity in the claim that the defendants may offer evidence showing absence of negligence on their part, for the purpose of reducing the damages from punitive damages to compensatory damages, but may not offer such evidence for the purpose of reducing the damages from compensatory damages to nominal damages. On the contrary, in all the cases of the class relied upon by the defendants the decisions have been that the damages may be so reduced from compensatory damages to nominal damages, except where there is a statutory minimum, and in cases where there is a statutory minimum that the damages may be reduced to that minimum.

PARDEE, J. In 1876 a locomotive engine in the use of the defendants communicated fire to the plaintiff's woodland, destroying trees, wood and fences of the value of $400; he brought an action for the recovery of damages, alleging that the defendants' negligence occasioned his loss; they suffered a default and asked to be heard in damages; the court made the inquiry; upon the hearing, for the purpose of preventing the plaintiff from recovering a judgment for more than nominal damages, the defendants offered evidence to prove that

they were not guilty of any negligence in the use of the engine; to the reception of this the plaintiff objected, on the ground that they, having suffered a default, had "conclusively admitted that they were guilty of negligence sufficient for the plaintiff to maintain his action against them; and that in a case like this, of damage to property, which damage cannot be separated into parts, but is all one thing incapable of division, the least sum the court could assess as damages consistently with the declaration was the actual damage done to the property." The court received the evidence subject to the objection, and found that the defendants were guilty of no negligence on the occasion complained of, and in this view of the case assessed the damages at a nominal sum, to wit, at fifty dollars; otherwise the court assessed the damages at the sum of four hundred dollars. The question of evidence, and for which sum the judgment shall be rendered, are reserved for the advice of the Supreme Court.

From a time early in the history of the jurisprudence of this state the law has been, that where, in an action on the case for the recovery of unliquidated damages, the defendant has suffered a default, that is, has omitted to make any answer, the assessment of damages has been made by the court without the intervention of a jury; also, that by his omission to deny them, the defendant is held to have admitted the truth of all well pleaded material allegations in the declaration, and the consequent right of the plaintiff to a judgment for a limited sum, that is, for nominal damages and costs, without the introduction of evidence. The defendant standing silent, the law imputes the admission to him; but it does it with this limitation upon its meaning and effect, it does it for this special purpose and no other; and our courts have repeatedly explained that the admission found in a default is not the admission of which writers upon the law of evidence treat. The silent defendant having been subjected to a judgment for nominal damages from which no proof can relieve him, the default has practically exhausted its effect upon the case; for, if the plaintiff is unwilling to accept this judgment, evidence is received on his part to raise the damages above,

and on the part of the defendant to keep them down to, that immovable base of departure, the nominal point, precisely as if the general issue had been pleaded; and although the evidence introduced by the latter has so much force that it would have reduced them to nothing but for the barrier interposed by the default, it cannot avail to deprive the plaintiff of his judgment; in keeping that, the law perceives that he has all that the truth entitles him to, and therefore refuses to hear any objection from him. Of course the court might have said that if the defendant thus defaults he shall not thereafter be heard in proof or argument upon any other than the single question as to the extent of the injury inflicted; but it has contented itself with saying that if he stands silent the law will pronounce judgment upon him for nominal damages; in either form the rule, like all other rules of practice, is arbitrary in its nature; but in neither is there any inconsistency or want of logic. If in our courts the admission in a default had ever been used in the broadest sense of which that word is capable, then of course any limitation thereafter put upon it would have been an inconsistency; but from the earliest use the narrower meaning went with it. *Havens* v. *Hartford & N. Haven Railroad Co.*, 28 Conn., 69, was an action on the case for injuries to the person, alleged to have been occasioned by the negligence of the defendants; they interposed a demurrer, the admission in which has the same legal effect as has the admission in a default; that having been overruled, they were permitted, for the purpose of keeping the damages at a nominal sum, to prove, after this limited admission of their negligence, that the plaintiff's injuries were due to his negligence. *Carey* v. *Day*, 36 Conn., 152, was an action upon the statute for negligence in the management of a locomotive engine, whereby the plaintiff's intestate was killed; the defendants demurred; the demurrer having been overruled, after this limited admission of their negligence they were allowed to prove, for the purpose of keeping the damages at the statutory nominal point, that the intestate's death resulted wholly from his own negligence. In each of these cases the admission was precisely the same as that imputed to

the present defendants. The plaintiff argues that his case differs from these and all others which have gone before it, in that his damages are entire and indivisible and arise from a single act of the defendants. But the destruction of a life would seem to be an entire and indivisible wrong in as complete a sense as is the destruction of the plaintiff's grass, fence and wood; a single blow killed the man, a single spark fired the grass. The rule cannot be at all affected by the question as to whether the injury is inflicted upon person or property. In either case at the outset the damages are uncertain; in both they are made certain by the same tribunal, governed by the same rules, informed by evidence of the same character, received in the same order. An injury to the person may be the breaking of a finger or the tearing of both arms from the body; an injury to property may be the destruction of a tree or of a forest. It is of course a much more difficult and delicate task to reduce to the standard of coin the value of a leg or an arm, than to determine the market price for a cord of wood or for a standing tree of given dimensions; nevertheless, probably in every week some one of the numerous courts of the country finds for some plaintiff, presumably the money value of a lost limb. The judicial system has but one balance; in this is weighed every loss, even that of life.

And we are not without precedent for the application of the rule to actions for injury to property. *Merriam* v. *The City of Meriden*, 43 Conn., 173, was an action of trespass *qu. cl. fr.;* the defendants demurred; upon demurrer overruled they asked for a hearing in damages; upon such hearing they claimed that they were not guilty of trespass, for the reason that certain acts and contracts of the plaintiff constituted as a matter of law a license to enter upon the premises; the plaintiff denied that his acts gave such license; the Superior Court adopted his view of the law and assessed his damages at $2,000. Upon the motion for a new trial he urged that, inasmuch as the court had assessed them upon evidence offered by both parties as to their extent, there remained no power of review. But this court, PARK, C. J., giving the

opinion, said:—"We think the court erred in rendering judgment for more than nominal damages in this case and therefore a new trial must be advised." In principle, the admission of the city of Meriden would seem to have been the admission of the present defendants.

Nor can the plaintiff well object that the rule is an unfair one; in his case the court having heard all the evidence upon both sides has found that the defendants were not guilty of any negligence in the management of their engine; he came therefore into court with a baseless claim; under the general issue he would have gone out justly punished with a bill of costs; but, under the law as it is, he receives fifty dollars damages and costs. He cannot reasonably complain.

Upon a default in these open actions for damages there must of necessity be an inquest as to the amount of them, if more than a nominal sum is asked for. No good reason can be given why that inquiry should not be full and fair on both sides. The office of the trial should be the discovery of truth and the administration of exact justice as in all other cases. Surely, the judgment for fifty dollars and costs sufficiently punishes the defendants for their silence; justice does not require any greater sacrifice to this formal default. Indeed, if the question had come to us as one of first impression, and with it the privilege of saying what the law shall be instead of the duty of declaring what it is, all considerations would unite in bringing us to the result reached by our predecessors.

We advise the Superior Court to render judgment for the plaintiff for nominal damages.

In this opinion CARPENTER and LOOMIS, Js., concurred.

PARK, C. J., dissenting. If, when this hearing in damages was had, there had been a statute which provided that in cases of damage to property like the present one, the cause of action should be submitted to one jury to determine, and if they should find the issue for the plaintiff, then the damages should be assessed by another jury; and, under such a statute, the cause of action in this case had been submitted to the first

jury, and had been determined in favor of the plaintiff, and
the hearing in damages was being had before the second jury,
would the defendants be permitted to say to the jury, as they
said to the court, that they did not cause the fire which did
the injury—that if the act was theirs, they were guilty of no
culpable negligence in doing it—that the plaintiff himself
was guilty of negligence which contributed substantially to
produce the injury of which he complains?   Manifestly, these
questions would have been determined by the first jury, and
no court in the state would have permitted them to be contro-
verted again before the second jury to reduce the actual
damages to a nominal sum.   The second jury would have
jurisdiction over the amount of the damages and nothing else,
and the first over the cause of action and nothing else.
Whether or not the defendants caused the fire or were or were
not guilty of culpable negligence in causing it, would be ques-
tions the determination of which would not tend to show, in
any respect whatsoever, how much mischief was done by the
fire.   The question whether property was destroyed to the
value of a penny, or to the value of thousands of dollars,
would remain as much an uncertainty after these questions
were determined as it was before.   The verdict of the first
jury would merely determine the cause of action; and if
decided in favor of the plaintiff, it would entitle him to recover
nominal damages, and nothing more.   The case would then
stand precisely as a case of this character always stands upon
a default, or a demurrer overruled.   Is it possible to suggest
a distinction?   It must be conceded that there would be no
difference whatsoever.   Judge BUTLER, in *Lamphear* v. *Buck-
ingham*, 33 Conn., 237, says that a defendant, by suffering a
default or demurring to a declaration, conclusively admits
every element of the cause of action.   It is manifest that the
verdict of the first jury, in the case supposed, could not more
conclusively establish the existence of the same elements.

Suppose that a defendant should suffer a default, in a case
like this, under such a statute as I have suggested.   Clearly
the default would dispense with the trial of the cause of action
by the first jury; showing that nothing more and nothing

less would be established by a verdict at their hands than
would be established by the default.

Now, if in the case first supposed the defendants would not
be permitted again to controvert on the hearing in damages
the claim that they caused the fire or were guilty of negli-
gence in the matter, in order to reduce the damages to a
nominal sum, how can it be done in the case under consider-
ation, where the defendants have suffered a default, thereby
admitting the cause of action as conclusively as it could have
been established by the verdict of a jury? The claim that it
may be done in cases of this character is based on the fact
that in such cases the default simply admits a cause of action,
which carries with it a nominal sum in damages; the argu-
ment being, that on the inquest in damages the defendant
may prove any fact tending to show that in justice the plain-
tiff ought not to recover a greater sum in damages than the
default admits, that is, a nominal sum. But the reason why
a default in such cases carries with it a nominal sum in dam-
ages, is, that it cannot be judicially known before the inquest
in damages whether the plaintiff has in fact suffered to a
greater extent than that amount. The law never knows the
existence of a fact until it is duly admitted or regularly proved
in due course of trial. Every trial has regular stages of pro-
gression. Take, for instance, the case under consideration.
The defendants are charged with setting fire to the plaintiff's
wood-lot, which did him a large amount of damage. On the
trial the questions first in order are—was the wood-lot set on
fire—did the defendants set the fire—were they guilty of neg-
ligence in so doing. These questions must be settled in favor
of the plaintiff, before the law will hear any thing whatever
concerning the damages. They may be so settled by a default,
which admits the allegations to be true; they may be so set-
tled by the verdict of a jury, or by the inquest of a court.
When these questions are determined in favor of the plaintiff
in some one of these modes, and it matters not which, the
law still knows nothing about the damages, farther than what
necessarily follows from the settlement of these questions in
favor of the plaintiff, to wit, that some damage must be

·awarded the plaintiff. Whether the fire was immediately
extinguished after it commenced, or whether it burned over a
large extent of territory and ·did the plaintiff great damage,
the law is in utter ignorance. Consequently, if nothing more
appears in the case, the law will award the plaintiff such
damages only as it knows to have been sustained, namely,
·nominal damages, but it will give the plaintiff an opportunity
to show what damage he has in fact suffered at the hands of
the defendants. When this stage in the trial has been
reached, may the defendants go back and controvert again the
questions which have just been settled in favor of the plain-
tiff, and which necessarily must be settled before the hearing
in damages can be had? The absurdity of holding that the
defendants set the fire in one part of the case, and did not set
it in another; that the defendants were guilty of negligence
.in one part of the case, and were not guilty of it in another;
that the plaintiff was free from negligence in one part of the
case, and brought the mischief upon himself in another;
·ought to be sufficient in itself for the rejection of the doctrine,
if there was no other objection. But, suppose the questions
are settled again, and settled in favor of the defendants,
would they be settled more conclusively than they were
before? If so, how? and which settlement shall we take?
·Both settlements are said to be conclusive. Shall we take
the last? If so, why? It would seem that one settlement
ought to balance the other, and leave nothing settled; which
would require another settlement in order to determine the
questions. Again, it is everywhere held that a default
admits the cause of action alleged in the declaration.
The cause of action alleged is liability in damages for
the actual injury done by the fire. The default therefore
admits a liability coëxtensive with the actual injury com-
mitted, whatever it may be found to be on the inquest in
damages. It conclusively admits a nominal sum, because the
damage can never be less; but inasmuch as it may be more,
it leaves the question of how much more to be determined by
the proof. Now the acts of the defendants alleged and
admitted did actual damage to the plaintiff to the extent of

four hundred dollars. It follows, therefore, that if the defendants are liable at all, their liability cannot stop short of the entire amount.

Again, the defendants committed one wrongful act, and the damage resulting from it is one entire sum. Every part of it is like every other. No distinction whatever can be made. It is one integral thing, indivisible and indisseverable, as much so as a note of four hundred dollars. Where can one draw a line through this sum, and say with any reason that liability is on the one side and non-liability on the other. One might as well draw a line through the note and say the liability of the defendant extends to fifty dollars of it but not to the rest. This would be as consistent as to say, when one fire did the entire mischief, that the defendants caused the fire to the extent of fifty dollars of the damage and no more.

Again, whatever damages are awarded in cases of this character, must be awarded within the cause of action alleged. The damages must be consistent with the declaration. What are the fifty dollars in this case awarded for? Not for the damage done by the fire, for that was a much larger sum. What then is this sum for? It is said that the defendants were not in fact liable for the fire; but, inasmuch as they admitted liability to the extent of a nominal sum, therefore they must pay that sum, not as damages resulting from their liability for the fire, for that would make them liable for the entire amount, but because of their admission of liability when in fact they were not liable. It follows then that the damages awarded are not consistent with the cause of action alleged, which charges the defendants with liability for the fire, and seeks only to recover damage done by the fire, resulting from such liability.

But it is said that, however this case may stand upon principle, the rule claimed has been well established in this state ever since the case of *Havens* v. *The Hartford & New Haven R. R. Co.*, 28 Conn., 69. The declaration in that case charged the defendants with the commission of many wrongful acts, whereby the plaintiff was injured in his person and property. Proof of any one of the wrongful acts would have

sustained the declaration. The demurrer therefore only admitted some one of them, and on the inquest in damages the others manifestly could have been denied. Judge ELLS-WORTH, in giving the opinion of the court, and while enumerating the wrongful acts, says:—" The tearing of the plaintiff's coat, the putting the hands violently upon his person, the raising him from the seat, or the attempt to eject him from the car; each would sustain the action; and therefore only one is proved by the verdict or demurrer, and not even that specifically." What would have been the decision of that case if there had been but one wrongful act charged, which injured the plaintiff's property a certain amount ? The case of *Daily, Admr.*, v. *The New York & New Haven R. R. Co.*, 82 Conn., 356, is distinguishable from the present case in this; that was an action for an injury to the person of the plaintiff's intestate, and this is for an injury to the plaintiff's property. It is true the distinction in this respect is not very marked. But property has a market value, and when it is destroyed money can make good the damage; it is merely a substitution of one kind of property for another. This is not the case with an injury to the person. In such cases the question is never asked, how much value was destroyed by the personal injuries inflicted. The loss of an arm or a leg can never be made good by a sum of money, like injuries to property. Therefore any sum awarded in damages in such cases would be consistent with the cause of action alleged. But where property is destroyed worth ten thousand dollars, if the defendant is liable at all, his liability extends to the entire amount. Nominal damages would not be consistent with the declaration, for the declaration asks damages for the injury inflicted. It is not pretended that the nominal damages awarded in the case under consideration, are awarded for the damage done by the fire. The court has found that those damages are four hundred dollars. The nominal sum was awarded after it was judicially known how much the actual damages were, and cannot possibly therefore have been awarded as compensation for the fire, which the declaration only seeks to recover. I think the principle of the case last

cited ought not to be extended, as it necessarily will be in some degree, by applying it to the present case.

The principle of the case of *Lamphear* v. *Buckingham*, before referred to, is in accordance with the doctrine herein expressed. The defendants sought, on the hearing in damages in that case, to reduce the damages to a nominal sum, by showing that they were not in fault in the acts which caused the injury. The action was brought upon the statute, which fixed the damages to be recovered in cases coming within its provisions at a sum discretionary with the court, from one thousand to five thousand dollars. The court held that nominal damages would not be consistent with the cause of action alleged, which the demurrer conclusively admitted. The only difference between that case and the present one is, that in that case the damages were liquidated to the extent of one thousand dollars at the time the demurrer was filed, while in this case the damages were wholly unliquidated at the time the default was entered. But does it make any difference in principle at what stage of a trial the damages become liquidated? When the demurrer and default were entered the cause of action in either case was alone before the court. Can it make any difference whether or not the defendant knows what the damages will be at the time he suffers a default? If he knows, the case cited declares that he conclusively admits the amount. If he does not know at the time, but knows there will be a hearing in damages by which the amount will be determined, does he not admit the amount to be determined, as much as he would if the amount was then known? A defendant by suffering a default merely chooses between two modes of assessing the damages. If he does not suffer a default the jury will assess the damages. If he does the court will do it. And this is all the difference it makes in this part of the case.

According to the doctrine proposed to be established in this case, nominal damages should have been awarded in the case last cited. The case did not come within the provisions of the statute when it appeared on the hearing in damages that the defendants were not in fault in the matter complained of,

Batchelder *v.* Bartholomew.

and they should not therefore have been visited with the statutory damages. But it is said that the defendants admitted that the case was within the statute and could not withdraw the admission. Very true. So they admitted in the case under consideration, that the case was within the common law requiring damages for the injury committed; and how can they withdraw the admission? If the actual damage can in one case be reduced from a fixed and definite sum required by the common law, to a nominal amount, by showing that the defendants were not in fault, why cannot the damage in like manner be reduced to a nominal sum in the other?.

These remarks apply with equal force to the case of *Carey v. Day*, 36 Conn., 152.

The case under consideration is the first in our reports, where the principle adopted by the court has been applied to a case of injury to property, which is in the nature of a money demand. Property has been destroyed which has a market value in money, and the object of the suit is to replace the lost property by its equivalent in money—one species of property for another. Actual damage is the lowest estimate of damage known to the law which can be assessed, where there is liability at all. The defendants by their default admitted their liability for the damage done. And I am unable to see how a nominal sum can be awarded in the place of the four hundred dollars which is found to be the actual damage.

In this opinion GRANGER, J., concurred.