CHARLES S. CRANE AND ANOTHER vs. THE EASTERN TRANS-
PORTATION LINE.

On a hearing in damages after a default or demurrer overruled, in an action on
the case for an injury caused by the negligence of the defendant, the burden
of proof is on the defendant to show that he was not guilty of negligence,
and not on the plaintiff to show that he was so.

TRESPASS ON THE CASE against the defendants, a corpora-
tion, as common carriers, for the loss of a quantity of corn
by their negligence; brought to the Superior Court in Fair-
field County.

The defendants filed a demurrer to the declaration, which
was overruled, and the case thereupon heard in damages
before *Sanford, J.* On the hearing the court found the fol-
lowing facts, and made the finding a part of the record.

On the 23d of February, 1873, the defendants were engaged
in the towing business, in and about the waters adjacent to
the city of New York, and by virtue of an arrangement
before that time made with the plaintiffs had been in the
habit, when requested, of towing grain boats for them from
New York and its immediate vicinity to Bridgeport, and on
the day mentioned the plaintiffs requested the defendants to
tow for them a canal boat, laden with corn belonging to
them, from Communipaw to Bridgeport, which the defendants
undertook to do.

The canal boat was then at the wharf at Communipaw,
laden with the corn. The defendants with their steam tug
towed the boat from Communipaw, on her way to Bridgeport,
as far as Port Morris, where they were delayed; and while at
Port Morris, during the night, the canal boat sank, and the
entire cargo was lost. The value of the cargo was $5,007.66.

The plaintiffs offered no evidence to prove negligence on
the part of the defendants, and so the court does not find
them guilty of negligence. The defendants offered no
evidence in the cause.

The defendants claimed, on these facts, that the judgment
should be for nominal damages only. The plaintiffs claimed

that, as matter of law, upon a hearing in damages after demurrer overruled, it was incumbent upon the defendants to prove that they were not guilty of negligence; and that if they did not prove this the plaintiffs were entitled to recover the full value of the lost cargo. The defendants denied this, and claimed, as matter of law, that if the plaintiffs desired to recover more than nominal damages, they must prove that the defendants were guilty of negligence.

The court ruled in conformity with the claims of the defendants, and rendered judgment for nominal damages only. The plaintiffs brought the record before this court by a motion in error.

*W. K. Seeley* and *E. W. Seymour*, for the plaintiffs, cited 2 Swift's System, 269; 1 Swift Dig., 785; *Chapin* v. *Curtis*, 23 Conn., 388; *Sherwood* v. *Haight*, 26 id., 432; *Havens* v. *N. York & N. Haven R. R. Co.*, 28 id., 87; *Daily* v. *N. York & N. Haven R. R. Co.*, 32 id., 356; *Lamphear* v. *Buckingham*, 33 id., 237; *McAlister* v. *Clark*, id., 258; *Rose* v. *Gallup*, id., 346; *Daniels* v. *Town of Saybrook*, 34 id., 381; *Carey* v. *Day*, 36 id., 155; *Merriam* v. *City of Meriden*, 43 id., 173; *Raymond* v. *Danbury & Norwalk R. R. Co.*, id., 596; *Batchelder* v. *Bartholomew*, 44 id., 494; *Shepard* v. *N. Haven & Northampton Co.*, 45 id., 54; *Hyde* v. *Moffatt*, 16 Verm., 285; *Webb* v. *Webb*, id., 636; *Gardner* v. *Field*, 1 Gray, 153; *Bates* v. *Loomis*, 5 Wend., 134; *Hartness* v. *Boyd*, id., 563; *Foster* v. *Smith*, 10 id., 377; *Kerker* v. *Carter*, 1 Hill, 101; *East India Co.* v. *Glover*, 1 Strange, 612; *Tripp* v. *Thomas*, 3 Barn. & Cress., 427; *Cook* v. *Hartle*, 8 Car. & P., 568.

*T. E. Doolittle* and *R. E. DeForest*, for the defendants, cited *Pease* v. *Phelps*, 10 Conn., 62, 68; *Gray* v. *Finch*, 23 id., 512; *Havens* v. *N. York & N. Haven R. R. Co.*, 28 id., 69; *Daily* v. *N. York & N. Haven R. R. Co.*, 32 id., 356; *Rose* v. *Gallup*, 33 id., 346; *Carey* v. *Day*, 36 id., 152; *Batchelder* v. *Bartholomew*, 44 id., 494; *Shepard* v. *N. Haven & Northampton Co.*, 45 id., 58.

PARK, C. J.   In this action the plaintiffs sought to recover the value of eight thousand and twelve bushels of corn alleged to have been lost through the negligence of the defendants in transporting the same from Jersey City in the state of New Jersey, to the city of Bridgeport in this state.

The case was entered upon the jury docket for trial, but before it was reached the defendants entered a general demurrer to the declaration, which was overruled by the court.   Thereupon the defendants, instead of answering further in the case, moved for a hearing in damages, which was had.   On the hearing the plaintiffs proved the number of bushels of corn belonging to them, which were lost while being transported by the defendants, and their value, amounting to $5,007.60, and then rested their case.   The defendants offered no evidence, but insisted in the argument that nominal damages only should be awarded by the court, on the ground that the plaintiffs had failed to prove that the defendants were guilty of negligence in the matter.   The court ruled in accordance with the defendants' claim, and gave judgment for the plaintiffs to recover nominal damages only.   The correctness of this judgment we are now called upon to consider.

It has been settled by a long course of decisions in this state, that, on a hearing in damages in cases like the present, it may be shown whether or not the defendant was guilty of negligence which caused the injury complained of; and if it should be found that he was free from negligence, nominal damages only will be awarded by the court, however great may be the damages in fact; but it has in no case been definitely determined on which party rests the burden of proof in such cases.   As a matter of fact, however, in every case which has come before this court, where it appears which party went forward, the defendant has assumed the burden of proving that the injury did not occur in consequence of his own negligence; and the only controversy has been respecting the defendant's right to offer such proof; the plaintiff claiming that the default, involving a non-denial of the facts, or the demurrer overruled and the neglect to plead over, as

the case happened to be, conclusively admitted the cause of action to the extent of the injury received.

This appears, not only from the cases themselves, but from the fact that if the plaintiff had assumed the burden of proof under the general issue, there would have been no ground of complaint, and the cases would never have reached this court.

In the leading case of *Havens* v. *The Hartford & New Haven R. R. Co.*, 28 Conn., 69, the controversy before this court was, whether in a hearing in damages after a demurrer overruled, the defendants had the right to show that the plaintiff contributed to the injury he received by his own negligence. In *Daily, Admr.*, v. *The New York & New Haven R. R. Co.*, 32 Conn., 356, the defendants again, in a hearing in damages after a demurrer had been overruled, offered to show that the plaintiff's intestate brought the mischief upon himself by his own negligence. In *Carey, Admr.*, v. *Day et al.*, 36 Conn., 152, the defendants assumed the burden of proof as to the non-existence of negligence on their part in a hearing in damages. Such was the case also in *McAlister* v. *Clark*, 33 Conn., 253, *Merriam* v. *The City of Meriden*, 43 Conn., 173, and *Batchelder* v. *Bartholomew*, 44 Conn., 494.

It would seem to follow from this long continued practice of the legal profession in cases of this character, from that of *Havens* v. *The New York & New Haven R. R. Co.*, in the 28th Conn. R., down to that of *Batchelder* v. *Bartholomew*, in the 44th, that the opinion of the profession has been that on a hearing in damages after a demurrer overruled, when the plaintiff shows by evidence the extent of his injury, the cause of action admitted by the demurrer and extending only to nominal damages where they are unliquidated, *primâ facie* covers the whole injury which the plaintiff has proved. This practice well accords with what must be the correct doctrine in principle. Take this very case, where more than eight thousand bushels of corn was lost in one disaster. The plaintiffs bring their action to recover the value of the corn, alleging that the loss occurred through the negligence of the defendants. The defendants demur to the plaintiffs' declara-

tion.  The demurrer is overruled, and the defendants neglect
to plead over, thereby admitting a good cause of action for
some of the loss alleged, perhaps for the value of one bushel
of the eight thousand, because when the demurrer was
entered and overruled it could not be known that the plaintiffs
had lost more than that quantity.  But when the plaintiffs
prove that the whole eight thousand bushels were lost at the
same time with the one, and by the same disaster, why does
not the cause of action *primâ facie* extend to the whole
number of bushels?  In *Lamphear* v. *Buckingham*, 33 Conn.,
250, Judge BUTLER says that if an action of debt is brought
on a bond for a sum certain, the whole is admitted by a
demurrer and neglect to plead over, and no further inquiry is
had; "but in actions of tort for unliquidated damages a
different rule necessarily applies.  In such actions the
plaintiff does not declare for a specific thing, but has an
unlimited license in declaring, and may allege as much of
wrong and injury and demand as much damage as he will, and
recover by proving any amount however small, if sufficient
to sustain the action.  A defendant therefore in an action of
tort is not holden to have admitted by his default the extent
of the injury.  It is assumed that, as the plaintiff may allege
more than is true, he probably has done so, and the defendant
by his default is considered as admitting the wrong to some
extent, leaving that extent to be inquired into to enable the
court to fix the damages, because such an inquiry is always
and necessarily had in such cases."  The difference between
liquidated and unliquidated damages is here very clearly
stated by the learned judge.  In liquidated damages no
further inquiry is had after demurrer overruled, but in
unliquidated damages further inquiry is necessary, because
the plaintiff may have, and probably has, exaggerated his
injury in his declaration.  But when he proves the extent
of his damages to the satisfaction of the court no good reason
can be shown why in principle the cause of action admitted
by the demurrer does not, *primâ facie*, extend to the whole
injury, leaving the defendant at liberty to contest the claim,
so far as it goes beyond nominal damages.  So far as this

court has expressed an opinion on this subject it has been in accordance with these views. In *Daniels* v. *Town of Saybrook*, 34 Conn., 377, the court say:—"The defendants in this case, by demurring to the declaration, defaulted as to the facts sufficiently alleged and essential to constitute a cause of action, and thereby admitted them. When the demurrer was overruled their case stood as upon default, with all the essential elements of the cause of action, and the right of the plaintiffs to recover some damages, conclusively admitted. But by the rules of law applicable to the case the allegations respecting the extent of the injury done to the plaintiffs, and the consequent amount of damages to which they were entitled, were not admitted. On the hearing in damages, therefore, it was incumbent upon the plaintiffs to show the extent to which they had been injured by the fault or negligence of the defendants, although, for the reason stated, it was not incumbent upon them to prove the exercise of ordinary care, or any other element of the cause of action. On this hearing in damages it was competent for the defendants to prove any fact or circumstance tending to show that the injury was not occasioned wholly or at all by their negligence, but was occasioned wholly or in part by the negligence of the plaintiffs. But in proving these facts the defendants assumed the burden. If they proved them the court might take them into consideration in fixing the amount of damages."

All that prevents this case from being decisive of the question here at issue is the fact that the burden of proof was not so definitely raised on the trial as it is here, although the question was involved in the decision of the case. The Superior Court found the facts on a hearing in damages after a demurrer to the declaration had been overruled. The court found that the plaintiffs received the injury while driving a vicious horse along one of the defendant's highways at a place where the road was so raised above the adjoining ground as to endanger travel, and the viciousness of the horse and the want of a sufficient railing by the side of the highway jointly contributed to produce the injury of which the plain-

tiffs complained. The court further found that the plaintiffs hired the horse at a livery stable, and did not know the viciousness of the animal, but did not find whether or not their ignorance of the character of the horse was the consequence of a want of reasonable care. The case was reserved for the advice of this court, and the question was whether substantial or nominal damages should be awarded. This court advised the Superior Court to render judgment for substantial damages, on the ground that the burden of showing that the plaintiffs were guilty of a want of reasonable care was on the defendants, and they having failed to show this the fact was to be taken against them.

What was said by the court in *Lamphear* v. *Buckingham,* supra, tends also to the same conclusion.

The defendants rely upon some expressions of the court in *Batchelder* v. *Bartholomew,* supra, in support of their claim, that the burden of proof is on the plaintiffs to show negligence in the defendants in order to recover more than nominal damages. But this question was not raised in that case, nor could it have been, for the defendants assumed the burden of proof on the trial. Whatever remarks therefore were made by the court in discussing the question whether or not the default and non-denial of the facts in that case conclusively admitted the cause of action to the extent of the injury received, must be taken to have been made in reference solely to the facts of the case and the question under discussion. *Danforth* v. *Adams,* 29 Conn., 107.

The same may be said in regard to the case of *Shepard* v. *New Haven & Northampton Co.,* 45 Conn., 54. The sole question there raised was one of variance between the proof and the declaration, and the remarks of the court were made wholly with reference to that question. These cases cannot help the defendants.

There is error in the judgment complained of.

In this opinion the other judges concurred.