WILLIAM H. CAREY, ADMINISTRATOR, *vs.* CALVIN DAY AND OTHERS, TRUSTEES.

The statute (Gen. Statutes, tit. 7, sec. 544) provides that in case the life of any passenger on a railroad, or person crossing the same upon a highway, who is in the exercise of reasonable care, shall be lost by the negligence of the railroad company, the company shall be liable to pay damages not exceeding $5000

nor less than $1000, to be recovered by the administrator. In an action on this statute, heard in damages after a demurrer overruled, it was held that the defendants might show the want of ordinary care in the deceased and the exercise of due care on their own part, to reduce the damages to the lowest sum fixed by the statute.

ACTION on the 544th section of the statute with regard to corporations, (Gen. Statutes, page 202,) which provides that in case the life of any passenger on a railroad or person crossing the same upon a public highway, who is in the exercise of reasonable care, shall be lost by the negligence of the railroad company, the company shall be liable to pay damages not exceeding five thousand dollars and not less than one thousand dollars, to be recovered by the executor or administrator in an action on the statute, for the benefit of the husband or widow and heirs of the deceased. The suit was brought to the Superior Court in Hartford county.

The declaration alleged that John G. Hart, the intestate, was crossing the railroad of the defendants upon a public highway, in the exercise of reasonable care, and was run over and killed by a train of cars run by the defendants, and charged the defendants with negligence in their manner of running the cars and in neglecting to give notice of the approach of the train by a bell or steam whistle. The defendants demurred to the declaration and the demurrer was overruled and the case heard in damages before *Loomis, J.*

On the hearing the plaintiff offered no evidence whatever upon the questions of reasonable care or of negligence on the part either of the plaintiff's intestate or of the defendants, but gave notice to the court before the admission of the testimony for the defendants that he should claim as damages the sum of five thousand dollars, being the maximum sum fixed by the statute in such cases.

After the plaintiff had closed his testimony, the defendants, for the sole purpose of reducing the damages to the minimum sum of one thousand dollars, fixed by the statute, offered evidence to prove that there was no negligence or fault whatever on the part of the defendants in the running or management of their train at the time of the accident, which contributed

to the injury, but that they exercised due and reasonable diligence, care and skill on the occasion. They, also, for the sole purpose of reducing the damages to the minimum sum fixed by the statute, offered further evidence to prove that the deceased was not at the time of his injury in the exercise of reasonable care, which want of reasonable care essentially contributed to his injury. To all of this evidence the plaintiff objected, but the court received the same for the sole purpose of reducing the damages to the minimum sum fixed by the statute.

After the testimony was closed the plaintiff's counsel asked the court to rule out and disregard in his finding,—1st, all testimony to prove that there was no negligence whatever on the part of the defendants which contributed to the injury; and 2d, all testimony to prove that there was a want of reasonable care on the part of the plaintiff's intestate which essentially contributed to his injury. But the court ruled the evidence to be admissible, and assessed the damages at $1000. The plaintiff thereupon moved for a new trial.

*Welch*, in support of the motion, contended that, whatever might be the rule as to the admissibility of such evidence upon a hearing in damages in an action brought upon a common law liability, yet that in an action founded upon the statute upon which the present action was brought, such evidence could not be admissible; that the statute required, to support an action under it, that it be alleged and proved—1st, that a fatal injury was received,—2d, that the deceased was in the exercise of ordinary care,—and 3d, that the injury was caused by the negligence of the defendants; and that where all these facts were conclusively admitted by a demurrer or default they could not be denied afterwards upon the hearing in damages; citing 1. Taylor on Ev., § 753 ; Steph. Pl., 217, 218 ; 1 Greenl. Ev., § 27 ; *Lamphear* v. *Buckingham*, 33 Conn., 249.

*Day* and *Stanton*, contra, cited *Havens* v. *Hartford & New Haven R. R. Co.*, 28 Conn., 69 ; *Daily* v. *New York & New*

*Haven R. R. Co.*, 32 id., 356 ; *Lamphear* v. *Buckingham*, 33 id., 237 ; *Daniels* v. *Town of Saybrook*, 34 id., 377.

HINMAN, C. J.   On the overruling of the demurrer in this case there was a hearing in damages for a fatal injury received by the plaintiff's intestate while crossing the defendants' railroad upon the public highway.   The defendants, for the purpose of reducing the damages, offered evidence tending to prove the want of reasonable care on the part of the intestate which contributed to his injury, and also that there was no negligence on the part of the defendants in the management or running of their train at the time ; which evidence was received, notwithstanding the plaintiff's objection.

This ruling of the court below is claimed to have been incorrect, and the counsel for the plaintiff have elaborately endeavored to distinguish the case from that of *Havens* v. *The Hartford & N. Haven R. R. Co.*, 28 Conn., 69, and claim moreover that the case of *Lamphear* v. *Buckingham*, 33 Conn., 249, supports the claim which they made in the court below, for the exclusion of the evidence objected to.   We think they have failed in both instances.   In fact the question as to the admissibility of evidence, both of a plaintiff's negligence contributing to an injury of which he complains, and of the absence of any negligence on the part of the defendant in cases which have been defaulted, or where a demurrer has been overruled, and there is a hearing in damages, has been considered as settled in this court ever since the case of *Havens* v. *The Hartford & N. Haven R. R. Co.*, and all the cases which have since arisen have followed the decision of that case.   And without reference to the cases, it would seem upon principle that it must be so.   All agree that a default, or a demurrer overruled, admits a cause of action.   But in an action sounding in damages, where the damages are not proved, that is, where the circumstances attending the injury and the extent of it are not shown to the court, merely nominal damages, or the lowest sum which is by law allowable for such an injury as was received, will be awarded.   For an injury of this fatal kind the statute fixes the damages at not

less than one thousand dollars, and they cannot exceed five thousand. The plaintiff in this case having shown that his intestate was killed on a highway crossing the railroad, and having shown nothing further, the court would have presumed that there was on the part of the defendants but that slightest degree of negligence which was barely sufficient to enable the plaintiff to recover, and would have assessed the damages at the lowest sum which the statute allows. The plaintiff therefore was not and could not have been injured by this evidence, even had he been right in his claim as to its admissibility, since he was only entitled to the sum actually awarded him on his bare showing a mere right of action, by showing that his intestate lost his life by the collision of the sleigh in which he was riding with the passing train of cars at the crossing. He was entitled to this because the demurrer admitted a cause of action, if the declaration was sufficient to enable him to recover upon it at all. But the defendants, for the purpose of reducing the damages to the lowest sum which the statute allows, chose to show the circumstances under which the collision happened. Ought they to be deprived of this privilege because those circumstances showed that in point of fact there was no cause of action if the defendants had chosen to go to trial on a denial of the truth of the declaration? We think not. For while it may be true that the plaintiff, upon his showing, would only have been entitled to the same damages that were allowed him, still, the defendants were not bound to trust to the bare presumption that nothing more than the lowest sum allowed by statute would be awarded. We think therefore they had a right to make that sure by the evidence, although that evidence went farther than they claimed, by showing that in point of fact the plaintiff was entitled to nothing, had the pleadings been such as to allow of a judgment for the defendants.

But it is quite too late to discuss the question of the admissibility of the evidence upon principle, since it appears clear to us that we cannot reverse the ruling of the court at the circuit without denying the authority of the three recent de-

cisions of *Havens* v. *The Hartford & N. Haven R. R. Co.*, 28 Conn., 69, *Daily* v. *The N. York & N. Haven R. R. Co.*, 32 Conn., 356, and *Lamphear* v. *Buckingham*, 33 Conn., 237. We therefore do not advise a new trial.

In this opinion the other judges concurred.