SAMUEL W. HARVEY *vs.* EASTERN RAILROAD COMPANY.

Essex. November 5.— 6, 1874. AMES & DEVENS, JJ., absent.

A passenger, who attempts to get on a railroad train while in motion, is so wanting in ordinary care that he cannot, in the absence of evidence of any circumstances to excuse his act, maintain an action for an injury thereby received.

TORT to recover damages for a personal injury received by the plaintiff at the central depot in Lynn, on April 11, 1873.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff introduced evidence tending to show that at the time of the injury he came to the depot to take the train for Boston, and as he stepped from the platform of the depot upon a step of one of the cars, and while the train was standing still, holding in his left hand a small carpet-bag, and taking hold of the iron railing of the platform of the car with his right hand, and using due care, the train started with a sudden jerk, threw his head and body back and out from the car, his feet still remaining upon the step and his right hand holding the railing, and his head was carried against a box which surrounded a water tank used for the supply of the engines of the defendant, which stood within 18 inches of the edge of the platform and track of the road, and that he was thereby injured.

The defendant introduced testimony tending to prove that the plaintiff, at the time of the alleged injury, attempted to get upon the train after it had started from the depot, and while it was in motion.

The plaintiff requested the judge to instruct the jury, that if they found that the plaintiff at the time of the injury was in the exercise of due care and was injured by the negligent acts of the defendant, the plaintiff might recover for the injury. The judge gave this instruction, and also instructed the jury, as a matter of law, that if the plaintiff attempted to get upon the train after it had started and while in motion, he was not in the exercise of due care in so doing, and if he received an injury from such an attempt, he could not recover.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*A. F. L. Norris*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

GRAY, C. J.   The jury, if they were governed by the instruction of the court, have found that the plaintiff attempted to get upon the train after it had started and while it was in motion. Such an attempt, in the absence of evidence of any circumstances tending to excuse it, conclusively showed, as matter of law, that the plaintiff was not in the exercise of due care.

*Exceptions overruled.*