CHARLOTTE BROOKS *vs.* BOSTON & MAINE RAILROAD.

Suffolk.    March 9. — April 3, 1883.    DEVENS & W. ALLEN, JJ., absent. COLBURN, J., did not sit.

In an action by a woman against a railroad corporation for personal injuries occasioned to her while a passenger on the defendant's train, it appeared that, when the train reached her destination, the conductor called the name of the station, the train stopped, and several passengers got out at once without unusual delay, among them the plaintiff, who followed close after the person in front of her ; and that, when she got off, the train had started and was moving, by reason of which she fell, and received the injuries complained of. The plaintiff testified that she looked when she was stepping off, but that it was so dark she could not see the platform ; and that she did not look to see whether the train was moving because she felt sure it was still; and there was also evidence that there was no object which any one could see from which it could be determined whether the train was moving or not. It did not appear that there was any warning which the plaintiff could have heard that the train was about to start. *Held*, that the question whether the plaintiff was in the exercise of due care should have been submitted to the jury.

TORT for personal injuries. Trial in the Superior Court, before *Mason*, J., who ruled that the action could not be

maintained, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

A. B. Coffin, for the plaintiff.

S. Lincoln, for the defendant.

HOLMES, J. The plaintiff was a passenger on the defendant's train. The train reached Melrose, the plaintiff's destination, the conductor called the name of the station, the train stopped, and several passengers got out at once without unusual delay, among them the plaintiff, who followed close after the person ahead of her. When she got off, the train had started and was moving, by reason of which she fell and hurt her spine. The only question is whether the case was properly taken from the jury, on the ground that the plaintiff was negligent. There was evidence tending to show that the train started quietly, and had only moved a short distance, so that the plaintiff might not have felt the motion, and that in fact she did not know that the train had started. Therefore, the cases in which it has been held negligence to get off a train known to be in motion do not dispose of the matter. *Gavett* v. *Manchester & Lawrence Railroad*, 16 Gray, 501, 506. *Harvey* v. *Eastern Railroad*, 116 Mass. 269. The question is whether she ought to have known. She testified that she looked when she was stepping off, but that it was so dark that she could not see the platform, and that she did not look to see whether the train was moving, because she felt sure it was still. There seems to have been no warning, which she could have heard, that the train was about to start; and, if this were all the evidence, it might well be asked whether, when the train stopped for that purpose, she had not a right to get off at her place of destination as soon as she could, following the other passengers, without further inquiry or examination, unless she actually knew the train had started. *Brassell* v. *New York Central & Hudson River Railroad*, 84 N. Y. 241, 246. But in this case there was the further testimony that there was no object which any one could see from which it could be found out whether the train was moving or not. If this statement was believed, in addition to the other elements of the plaintiff's story, she did all that could be required, on the strictest possible view of her duty.                    *Exceptions sustained.*