ALPHEUS MERRITT *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Hampshire.    September 18, 1894. — October 26, 1894.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Evidence — Foreign Law — Due Care — Action.*

In an action against a railroad corporation for personal injuries received by the plaintiff in alighting from the defendant's train in another State, the plaintiff being a resident of still another State, where the defendant has attachable property, evidence of the law of the last State, under which the plaintiff may, in a case of this kind, be deprived of a right to a trial by jury on the question of damages, and, upon the hearing before the judge, other matters in bar of the action may be presented to reduce the damages, is admissible to explain his conduct in bringing the action here instead of in the State of his residence.

*It seems,* that, if a passenger on a railroad train, which has stopped at a dimly lighted station in the evening, steps from the platform of a car to descend to the platform of the station after the train has actually started, but he does not know, and by the exercise of ordinary care and prudence cannot know, that it has started, and is injured, the fact that the train had so started would not of itself prevent the maintenance of an action for his injuries.

KNOWLTON, J.    This is an action to recover damages for personal injuries received in alighting from one of the defendant's trains. The plaintiff was a passenger on a way train from South Norwalk, Connecticut, to Port Chester, New York, on the evening of December 20, 1892, and rode with his nephew in a seat facing forward near the middle of the car. As the train approached Port Chester, the brakeman called the station and passed out at the rear of the car, leaving the door open. After the car stopped, the plaintiff and his nephew walked backward from their seat to leave the car, and as the plaintiff alighted he fell and received the injuries for which this action is brought. The plaintiff testified that he left his seat just as the car came to a stop at the station, and that he proceeded rapidly to the rear door and to the platform of the car to alight, when, as he was stepping off to the platform of the station, the car started suddenly with a jerk, and without warning to him, and threw him violently to the platform of the

station.  The defendant introduced evidence tending to show that the plaintiff did not rise from his seat until the train started to leave the station, after having stopped a reasonable time to allow passengers to get off and others to get on, and that he then passed to the platform of the car and got off the train while it was in motion, and in so doing fell and was hurt.

The plaintiff was at that time, and continued to be up to the time of the trial, a resident of Norwalk, Connecticut, and the defendant's counsel in his opening stated that the plaintiff could have brought his action where he lived, and that there was some reason why he did not wish to bring it where he was known and where witnesses could be had easier than here, that the defendant had property there open to attachment, and that the courts there were open to him.  In cross-examining the plaintiff he asked him particularly about his residing at Norwalk, and his knowledge that the defendant had property and could be sued there, and in his closing argument to the jury he contended that there was some reason that did not appear why the plaintiff had brought his case here, and referred to the absence of the physician who attended the plaintiff after the accident, and spoke of the difficulty of the defendant's procuring witnesses here, and of the probability that, if the case had been tried in or near Norwalk, it would have been easy to bring testimony bearing on the extent of the plaintiff's injuries and his alleged inability to labor.  The plaintiff, in reply to the defendant's case, before the close of the testimony, offered in evidence the General Statutes of Connecticut, 1888, § 1106, and also the cases of *Raymond* v. *Danbury & Norwalk Railroad*, 43 Conn. 596, *Daily* v. *New York & New Haven Railroad*, 32 Conn. 356, and *Carey* v. *Day*, 36 Conn. 152, for the purpose of showing that under the law of Connecticut the defendant, in a case of this kind, may be defaulted if it chooses, and that then the court proceeds to an assessment of damages, in which the plaintiff has no right to a trial by jury, and which is usually made without a jury, and that upon the hearing for the purpose of determining the damages the defendant is permitted to show that the plaintiff was not in the exercise of due care, or any other fact which would be a bar to the action, and that upon such a showing the damages may be reduced to a nominal sum.  This evidence was

excluded subject to the plaintiff's exception. We are of opinion that it should have been admitted.* The facts relied on by the defendant in argument were used, and were intended from the beginning to be used, to discredit the plaintiff, who was the principal witness in his own behalf. The defendant's counsel has argued before us earnestly, and we think rightly, that these facts unexplained were proper for the consideration of the jury, as tending to throw suspicion and doubt on the plaintiff's case. In view of them the jury would be likely to give less credence to his testimony than if no such facts appeared. The plaintiff should have been permitted to prove any facts which would tend to explain his conduct in this respect. He testified that he left his claim with his lawyer in Norwalk to manage as he thought best, and that he sanctioned the bringing of the suit in Massachusetts. If it had been proved that by the law and practice in Connecticut the plaintiff might have been deprived of a right to trial by jury on the question of damages, and that upon the hearing before the judge other matters in bar of his action might be presented to reduce the damages, the evidence might, in the opinion of the jury, have relieved him from suspicion of dishonesty.

The plaintiff requested the court to rule as follows: "If the train had actually started when the plaintiff stepped from the platform of the car to descend to the platform of the station, but if the plaintiff did not know it had started, and by the exercise of ordinary care and prudence could not know that it had started, the fact that the train had so started would not, in and of itself, prevent recovery." This ruling the court declined to give, and the plaintiff excepted. We have no doubt that the request embodied a correct proposition of law, if there was evi-

---

* This evidence was excluded by the court, on the ground that it was immaterial; and the court said that the plaintiff had a right to bring his action in this State, and that the jury must be controlled by the rules governing this class of cases.

In the instructions to the jury the court said: "The plaintiff is rightfully here before you. The law gives him a standing here in court, and it gives the defendant a standing here. They are both properly before you. Whatever the motives of either may be, it is not for you to consider. They are rightfully and properly here before you, and it is your duty to ascertain, under the rules of the law, the result, after you have weighed the evidence."

dence in the case to make it applicable.  *Brooks* v. *Boston &*
*Maine Railroad*, 135 Mass. 21.   It is a well established general
rule, that a passenger who attempts to get on or off a railway
train while it is in motion is not in the exercise of due care, and
cannot recover for an injury to which his attempt contributed.
*Lucas* v. *New Bedford & Taunton Railroad*, 6 Gray, 64.   *Gavett*
v. *Manchester & Lawrence Railroad*, 16 Gray, 501.   *Harvey* v.
*Eastern Railroad*, 116 Mass. 269.   *England* v. *Boston & Maine*
*Railroad*, 153 Mass. 490.   But in a supposable case there may
be circumstances which will relieve the passenger making such
an attempt from the imputation of negligence.   In *Gavett* v.
*Manchester & Lawrence Railroad*, *ubi supra*, Chief Justice Bige-
low says : " In the absence of anything to create excitement or
cause alarm, the attempt to leave a car, while the train is in
motion, by passing to the outside or stepping off, is *prima facie*
evidence of carelessness."

In the present case the judge instructed the jury that, if the
train started while the plaintiff was in the act of alighting from
it, the fact that the train had so started before he stepped off the
car would not prevent his recovery, " but if he went on the plat-
form when the train was in motion he cannot recover ; and the
fact that he knew or did not know makes no difference."   We
cannot say, as matter of law, that in the evening, at a dimly
lighted station, a train might not start so quietly that a pas-
senger leaving the car in the exercise of ordinary care might go
out on the platform and attempt to get off without knowing that
the train was in motion.   See *Brooks* v. *Boston & Maine Rail-
road*, 135 Mass. 21.   If the statements of the plaintiff and his
nephew are to be relied upon, or if the extreme statements of
the witnesses for the defendant are taken as true, the facts of
the case make the plaintiff's request inapplicable.   But it is
difficult to say, as matter of law, that the jury might not have
taken a view of the testimony on both sides which called for an
application of the rule embodied in the request.   As there must
be a new trial on the other ground, and as the evidence may not
be exactly the same at another trial, it is unnecessary to con-
sider this branch of the case further.

*Exceptions sustained.*

*W. G. Bassett*, for the plaintiff.
*G. D. Robinson*, for the defendant.