FRED D. KELLOGG *vs.* E. C. SMITH & another.

Franklin.    September 17, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Negligence*, On railroad, Contributory.

A railroad train after stopping at a station backed from the station for the purpose of switching the rear cars upon another track, and stopped. The plaintiff was a passenger and wished to pass through the train to the rear car. Finding one of the cars crowded, he stepped off the platform·of the car intending to go to the rear of the train on the outside. It was very dark and he could not see and did not know where he was stepping. The train was on a bridge over a river, and the plaintiff fell through into the water below and was injured. The platform from which the plaintiff stepped was about seven hundred feet from the station. The plaintiff was familiar with the station and the bridge. He knew that the train had backed toward the river, but did not know how far it had backed and underestimated the distance. *Held*, that the plaintiff did not use due care; that he took the chances and must abide the result.

TORT against the receivers of a railroad company for alleged negligence.    Writ dated October 1, 1897.

In the Superior Court, *Hardy*, J., ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*D. Malone*, for the plaintiff.

*C. A. Hight*, for the defendants.

HOLMES, C. J.    This is an action for personal injuries caused by the plaintiff's falling through a railroad bridge into the water of Miller's River.    He had returned from an excursion over the Vermont Central road, and the train had reached Miller's Falls, at which point the plaintiff was to continue his journey over the Fitchburg road.    After stopping, the train backed from the station, seemingly with a view to switching the three rear cars across to the Fitchburg road by a spur track which left the Vermont Central track on the station side of Miller's River.    While the train was backing from the station toward the river, as the plaintiff knew, the conductor or brakeman said, "The three rear cars for Fitchburg."    The plaintiff, who was in the smoking car in front, walked back through that and the next car and reached the platform of the third car, which was one of the three Fitchburg cars although the plaintiff did not know that fact.    In the mean

time the train had stopped and the platform on which the plaintiff stood was over the river, about seven hundred feet from the station. The plaintiff seems to have wished to go to the rear car in search of a friend. There were some people standing in the aisle of the car on which he was, which made it slower but by no means impossible for him to pass through the car. It was very dark, the plaintiff could not see and did not know where he was stepping, but stepped off the platform intending to go to the rear of the train on the outside, and fell through the railroad bridge. The plaintiff was familiar with the station and bridge. On these facts the judge directed a verdict for the defendant and the plaintiff excepted.

Without considering other defences, we are of opinion that the jury would not have been warranted in finding that the plaintiff was using due care, and that the direction to the jury was right. The plaintiff knew that the train had backed toward the river, although he underestimated the distance. It was manifest that the notice to take the rear cars for Fitchburg did not call upon passengers to leave the train, even if it had not been given when the train was in motion. The stopping of the train under the circumstances was not an invitation to alight or an assurance to the plaintiff that it was safe to get off. *Buckley* v. *Old Colony Railroad*, 161 Mass. 26. It is not like those cases where the passenger has reason to suppose that the train has stopped at a station in the regular way. The plaintiff did not know how far the train had backed, but did know that if it backed far enough it would be in the position in which it was. He took the chances and he must abide the result. *England* v. *Boston & Maine Railroad*, 153 Mass. 490, 493.

*Exceptions overruled.*