EDWARD E. BROWN *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Suffolk.   March 6, 1902. — May 21, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Negligence*, Contributory, on railroad.

A passenger about to alight from a train, who goes back for his umbrella which
he left in the seat and returning steps off the platform of the car after the train
has started without looking to see whether it has started or not, is not in the
exercise of due care.

TORT for injuries caused by the plaintiff falling by reason of
the alleged negligence of the defendant in starting its train
while the plaintiff was alighting therefrom at North Abington.
Writ dated August 24, 1899.

At the trial in the Superior Court before *Hopkins*, J., the
plaintiff testified that he was sixty-three years of age, and had
lived in North Abington since 1865; that his business since
1892 had been that of a real estate broker with an office in
Boston; that during the last thirty-five years he had travelled
back and forth almost daily on the defendant's railroad; that
on August 10, 1899, the date of the accident, he took the train
on the defendant's road at Boston, at 5.18 P. M., bound for
North Abington, and occupied a seat in the smoking car, which
was the car directly behind the engine, his seat being about one
third of the way toward the front door from the rear door; that
he played whist with three companions during the greater part
of the way to North Abington, where the train arrived at about
5.45 P. M.; that shortly before the train arrived at North Abing-
ton he stopped playing, and, as he came to the station, got up to
get his bundles from the rack, and after gathering his bundles
walked to the rear end of the car, where from the door he saw
that it was raining.   He saw the brakeman on the forward end
of the following car, and seeing it raining reminded him of his
umbrella which he had left in his seat.   He spoke to the brake-
man, whom he knew, saying, "Hold on, Jim.   Let me get my
umbrella."   The brakeman replied, "All right, go ahead."   The

plaintiff went back after his umbrella, but before he got as far as his seat he saw a friend of his, one Connolly, going out of the forward end of the car with his umbrella, and at the same time an acquaintance of the plaintiff informed him that Connolly had taken his umbrella for him. The plaintiff at once walked back to the rear end of the car, stepped out on the platform, and the brakeman was there, and testified: "I deliberately walked from the platform of the car down the steps, and stepped off from the step on to the platform of the depot, and the next thing I knew — I would not say whether it was the wooden platform or the gravel part platform, because it was so dark I could not see — the next thing I knew Mr. Donald picked me off the ground." The plaintiff also testified, that when he stepped off the car steps to the platform he fell, because instead of stepping upon the platform from a stationary train, as he supposed, he had stepped from a moving train. "*Q.* When you stepped off the step did you know the train was moving? *A.* I did not, sir; had no more idea of it — it was the furthest from my mind." The plaintiff testified, that "it was a dark, drizzly evening."

At the close of the plaintiff's evidence, the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*S. L. Whipple*, (*F. Rogers* with him,) for the plaintiff.

*C. F. Choate, Jr.*, for the defendant.

KNOWLTON, J. The plaintiff on August 10, 1899, took the defendant's train from Boston to North Abington, where he arrived at forty-five minutes after five o'clock in the afternoon. He started to alight from the train, and on reaching the door of the car discovered that he had left his umbrella in his seat and went back for it. He found that it had been taken out by his friend at the other end of the car, and, returning to the door from which he had gone back, he stepped out upon the platform of the car and got off after the train had started. He fell and was injured, and now seeks to recover compensation for his injury.

We do not consider the question whether there was negligence on the part of the brakeman or conductor in allowing the train to start before the plaintiff had alighted, for we are of opinion that there was no evidence that the plaintiff was in the exercise of due care in getting off as he did. It is a general

rule that a passenger who attempts to get on or off a railroad train while it is in motion, is not in the exercise of due care. *Merritt* v. *New York, New Haven, & Hartford Railroad*, 162 Mass. 326, and cases there cited. The question in a case like the present is whether there is evidence that takes it out of the general rule.

The plaintiff was very familiar with the place. For nearly thirty-five years he had travelled back and forth by train nearly every day between North Abington and Boston. When he alighted there was no person in his way and nothing to obscure his vision. Although he says it was a dark, drizzling evening, daylight had not gone, for a quarter before six o'clock on August tenth is a long time before sunset. There was a kerosene light ten or twelve feet from where he stepped off, under the roof which covered the platform, and he testified that he could have seen it if he had looked around. There was also a truck on the platform nearly opposite the place where he stepped off, which he saw while he was on the platform of the car. He testified that his sight was good, and there was nothing to distract his attention as he was getting off. He also testified that he did not look to see if the train was moving; that he did not look at all, but got off the train without looking. If the plaintiff knew that the train was moving when he stepped down from it, he was not in the exercise of due care and he cannot recover. If he did not know it, there is no evidence that he was in the exercise of due care in getting off without knowing it. The evidence tends to show that if he had paid any attention to the familiar surroundings he could not have failed to notice that the train had started. To say nothing of the platform and other objects, the truck which he saw while he was on the platform of the car would have shown him that the train was in motion if he had looked; so would the kerosene light; but he chose to get off without looking or paying attention to the train or his surroundings. The circumstances disclosed by the evidence have no tendency to show that he would have failed to discover the movement of the train if he had been in the exercise of ordinary care. Indeed, they indicate that the accident happened because he used no care. While the burden was on him to prove that he was carefully trying to alight safely, he fails to show that he was

giving any attention to his surroundings. The case is not like *Brooks* v. *Boston & Maine Railroad*, 135 Mass. 21. It differs materially in its facts from *Merritt* v. *New York, New Haven, & Hartford Railroad*, 162 Mass. 326. In principle it is more like *England* v. *Boston & Maine Railroad*, 153 Mass. 490.

*Exceptions overruled.*