URSULA LAPOINTE *vs.* BOSTON AND MAINE RAILROAD.

Hampshire.    September 16, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, On railroad, Contributory.

The differences in the evidence presented at the new trial of this case from that passed upon by the court in its decision reported in 179 Mass. 535, do not affect the result then reached, that the plaintiff was not in the exercise of due care in attempting to leave the train of the defendant after it had started and when if she had looked she would have seen that it was moving.

TORT by a passenger for injuries alleged to have been caused by the sudden starting of a train of the defendant when the plaintiff was about to alight therefrom.   Writ dated March 19, 1900.

By a decision of this court reported in 179 Mass. 535, the exceptions of the defendant taken at the first trial of this case

were sustained. At the new trial in the Superior Court *Aiken,* J., at the close of the evidence on both sides, ruled that upon the whole evidence the plaintiff was not in the exercise of due care, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. C. Hammond,* (*H. P. Field* with him,) for the plaintiff.

*W. G. Bassett,* (*E. L. Shaw* with him,) for the defendant.

LATHROP, J. While the evidence in this case differs in some respects from that which was before us a year ago, yet we are of opinion that the judge was right in directing a verdict for the defendant. One point relied upon to show a difference in the evidence is that while the plaintiff testified at the first trial that she had admitted that her veil hindered her from seeing quickly enough that the train was really moving, she could not remember at the second trial that she had made such an admission, and further testified that her veil did not hinder her from seeing well. Another point relied upon is that the evidence at the second trial was contradictory as to the place where the plaintiff fell, and so it is argued that there was evidence from which the jury could draw the inference that the plaintiff was on the next to the last step of the car when the train started. It is true that the locomotive engineer, who at the first trial testified that the train had gone about one hundred and fifty feet when he received the signal to stop, testified at the last trial, as a matter of estimate, that this distance was fifty or sixty feet, and that the fireman, who did not testify at the first trial on this point, put the distance at forty or fifty feet, also as a matter of estimate. There was also testimony that the signal to stop was given immediately after the plaintiff disappeared from the steps of the car. Very little reliance, however, can be placed upon the estimate of a witness as to distances; *Sweat* v. *Boston & Albany Railroad,* 156 Mass. 284, 287; and in a case like this, where there is direct evidence by measurement that the plaintiff was picked up at a point eighty-two feet south of the platform of the station, we do not think that the jury would be warranted in finding that she fell off before the platform of the station was passed, which is the inference which the plaintiff seeks to draw from the estimates of the engineer and fireman. This was merely a scintilla of evidence entitled to no weight.

We must however assume that the plaintiff's eyesight was not hindered by her veil; but, assuming this, the case does not materially differ from that which was presented at the first trial. It is not disputed that she took no means of observing whether the train had started or not, until she was on the next to the last step of the car. When she opened the door to go outside she knew that the brakeman had come into the car and shut the door and had sat down, a fact which ought to have informed her that the train had started or was about to start. She knew that the other passengers had then left the train and were on the platform of the station. Notwithstanding these facts, having walked down the aisle with her head bent down trying to get a pamphlet under the string of a bundle she was carrying, she opened the door and hurried down the steps, and did not notice that the train had started until she reached the next to the last step. We can have no doubt on the evidence that the train started while she was in the aisle of the car, and that the plaintiff could have known that the train was in motion if she had looked when she opened the door. Under these circumstances, we are of opinion that the plaintiff was not in the exercise of due care, and that the judge rightly so ruled. *England* v. *Boston & Maine Railroad*, 153 Mass. 490. *Brown* v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 365.

*Exceptions overruled.*