## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. MILLER.

[No. 4,527. . Filed May 11, 1904.]

CARRIERS.—*Injury of Passenger Alighting from Train.*—*Contributory Negligence.*—*Complaint.*—In an action for injuries sustained by a passenger in alighting from a moving train, the complaint alleged that the brakeman announced the station, the air brakes were applied, and the brakeman went out of the door and down the steps to the platform, but did not take his lantern; that the train appeared to have stopped and the action of the brakeman led plaintiff to believe it had stopped; that plaintiff stepped from the car steps to the platform, and because of the wet and slippery condition of the platform, and the fact that the train was moving, he was thrown upon the platform and injured. *Held,* that the complaint shows contributory negligence on the part of plaintiff precluding a recovery.

From Floyd Circuit Court; *E. G. Henry,* Judge *pro tem.*

Action by William L. Miller against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*M. Z. Stannard, G. B. McIntyre, J. B. James* and *W. V. Bulleit,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

Roby, J.—Action for damages on account of personal injuries. Judgment for $2,750. Appellee was a passenger on one of appellant's passenger trains running between New Albany and Jeffersonville. He desired to alight at Ninth street station in the former city, to which point he had purchased his ticket. No question is made as to the sufficiency of the complaint, in so far as appellant's negligence is concerned. It is averred: That said station was reached about five minutes before 11 o'clock p. m. on January 29, 1901; that the night was dark and stormy, much rain having fallen, rendering appellant's platform slippery and un-

Pittsburgh, etc., R. Co. v. Miller.

safe; that there was no light at said platform, and it was impossible to see the same when alighting upon it. As the train neared Ninth street, the brakeman announced said station, and the air-brakes were applied for the purpose of stopping at the platform. The brakeman thereupon went out of the door and down the steps to the platform, but did not take his lighted lantern, with which he might have lighted up said steps so that plaintiff could have safely left the car. The conductor did not go out of the car, but remained within, retaining in his possession both his own lantern and that of the brakeman. Appellee, when the station was announced, went forward to the front door of the car in which he was riding, and looked down at said platform for the purpose of alighting thereon. The further averments of the complaint are as follows: "Said train at the time appeared to have stopped, and the action of said brakeman in going down in front of the plaintiff led plaintiff to believe that said train had stopped at said platform. On account of the darkness and the failure to have any lights at said platform, and the failure of said brakeman to have his lantern with him upon said platform, the plaintiff was unable to see whether said train had actually stopped, but he believed the same had stopped, and he could safely alight on said platform. The plaintiff avers that thereupon, using due care, he stepped from the steps of said car to said platform, but because of the wet and slippery condition of the platform, and the fact that said train was still moving, he was at once thrown violently to said platform, injuring, wounding, and bruising him in and upon his body, back, and sides, permanently disabling him. The plaintiff avers that at the time he stepped from said train, although said train appeared to have stopped, said train was in fact slowly moving, but, being closely coupled together and moving noiselessly upon a smooth track in the darkness, plaintiff was led to believe that said

train had stopped. After plaintiff stepped upon said platform and was thrown down, as aforesaid, said train continued to run for a distance of about ten feet, and required a second application of the brakes to bring the same to a full stop, because of the negligent failure of those in charge of the locomotive and engine to apply said brakes to a sufficient extent when the same were first applied. Plaintiff says that by reason of being so thrown to the platform of the defendant and bruised and hurt, as aforesaid, he has been permanently injured," etc.   "Wherefore," etc.

While various acts of negligence upon the part of appellant are charged, it is made affirmatively to appear that the fact that the train was moving at the time appellee alighted contributed to cause the injury complained of. If the complaint shows that appellee was himself at fault in leaving the train as he did, then the demurrer to the complaint should have been sustained. The pleading discloses that appellee voluntarily alighted from a moving train. Such act was not necessarily negligent. Whether it was negligent or not depended upon attendant conditions. The question was for the jury unless the conditions disclosed are such as to exclude the inference of non-negligence, in which case it was for the court. *Harris* v. *Pittsburgh, etc., R. Co.,* 32 Ind. App. 600; *Louisville, etc., R. Co.,* v. *Crunk,* 119 Ind. 542, 12 Am. St. 443; *Carr* v. *Eel River, etc., R. Co.,* 98 Cal. 366, 21 L. R. A. 354, notes; *Distler* v. *Long Island R. Co.,* 151 N. Y. 424, 45 N. E. 937, 35 L. R. A. 762; *Watkins* v. *Birmingham R., etc., Co.,* 120 Ala. 147, 24 South. 392, 43 L. R. A. 297.

The averments of the complaint show that appellee, when he alighted, supposed the train was standing still. It is not averred that it was prudent for him to leave the train when in motion, as he did; the contrary, indeed, is shown. It is inferable, as against the pleading, that had he known the train was in motion he would not have left

it; certainly not in the manner he did. He says, as an excuse, that the train "appeared" to have stopped, an averment that, in view of the difference in appearance between moving and stationary bodies, must mean that it appeared to him, in the light of such attention as he gave the matter, to have stopped. The announcement of the station by the brakeman was not an invitation for passengers to alight before the train was brought to a standstill. *England* v. *Boston, etc., Railroad,* 153 Mass. 490, 27 N. E. 1; Fetter, Carriers, §58. It is a general proposition deducible from the authorities that to get off a passenger-train before it is brought to a standstill at the station is contributory negligence. An exception arises when the act is induced by the company through its agents. Appellee, in order to avail himself of the exception, has averred that the train was closely coupled together, and moving noiselessly upon a smooth track in the darkness. No invitation to leave the moving train can be inferred from such fact. That because of the absence of a light at the platform he was unable to see whether the train had stopped or not, but that he believed that it had stopped. Why he so believed, in view of the fact that he was unable to see, is not stated. A belief without reasonable basis, acted upon to the believer's detriment, does not ordinarily furnish a right of action. He also avers that the action of the brakeman in going down in front of him, and the "failure of the brakeman to have his lantern with him upon said platform," led him to believe that the train had stopped. If this means that the brakeman stepped from the car to the station platform, it is manifest that appellee, being able to see him, must have been able to have known that the train was in motion, while if it means that the brakeman remained standing on the platform of the forward car, such attitude was not consistent with a present invitation to alight.

The complaint discloses that appellee voluntarily left the train, without reason, while it was in motion, under circumstances that rendered such action dangerous to him, as he should have known, and the demurrer to it should, therefore, have been sustained. *England* v. *Boston, etc., Railroad, supra; East Tennessee, etc., R. Co.* v. *Massengill,* 15 Lea 328; *Secor* v. *Toledo, etc., R. Co.,* 10 Fed. 15; *Brown* v. *New York, etc., R. Co.,* 181 Mass. 365, 63 N. E. 941. Its facts differentiate this case from those in which the train is not stopped a sufficient time to allow the passenger to leave it, and also from those in which he is invited or directed by the trainmen to alight, and also from those in which the passenger's action is affected by his tender age or other incapacity.

Judgment reversed, and cause remanded, with instructions to sustain the demurrer to the complaint.