## KATHERINE A. FLAHERTY *vs.* BOSTON AND MAINE RAILROAD.

Worcester. October 6, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Negligence. Railroad.*

If it is a fault on the part of a railroad company, that none of its servants helped in putting two children and a bag into a car of a train, when no request to do so was made by the mother of the children having them in charge, such fault is too remote to make the company liable for an injury to the woman while stepping from the train when it was in motion after putting the children and the bag on board.

If a woman, who enters a car of a railroad train, not as a passenger, but to help her two children and to place in the car a bag to go with them, attempts to leave the train after it has started and is injured, she cannot recover from the railroad company on the ground that a brakeman, when she found the gate of the platform closed, beckoned her to the next platform, saying as he helped her down the steps "It is all right, not going very fast; be careful." If this can be found to be negligence on the part of the railroad company, the circumstances which make it negligence also make the woman's own act contributory negligence.

TORT for personal injuries from the alleged negligence of the defendant's servants, at a station of the defendant at Lincoln Square in Worcester, in starting a train before the plaintiff had alighted, and inviting and assisting her to alight after the train began to move. Writ dated December 18, 1902.

At the trial in the Superior Court *Bond,* J. at the close of the evidence ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. E. Tupper,* for the plaintiff, submitted a brief.

*C. M. Thayer,* (*A. H. Bullock* with him,) for the defendant.

BARKER, J. While a train was stopped at a station the plaintiff entered a car. She had no ticket and did not intend to travel, but to help her two children who took the train as passengers and to place in the car a bag which was to go with the children. She was the last person other than the train men to get upon the train, and she gave no notice to any one that she did not intend to become a passenger. Before she left the

interior of the car the usual preparations for starting the train had been made, if it was not then in motion. When she came out of the door of the car its platform gates had been closed, and she found, directly opposite her, and with his hand on the gate, a brakeman to whom she said " I want to get off the train." By a gesture he invited her to the next platform, took hold of her elbow, and assisted her down the step, saying, " It is all right, not going very fast ; be careful." As she stepped off the car which was moving slowly she fell and was· hurt. The suit is to recover compensation for her injury. A verdict was ordered for the defendant, and the case is here upon her exception to that order.

Upon her own testimony she had done nothing up to the time when she appeared to the brakeman and told him that she wished to get off which could indicate to the train men that she intended to get off at that station. She contends that some servant of the defendant should have helped her in placing the children and the bag in the car. But she made no request for such aid, and the failure to render it, if a fault of the station men or the train men, was too remote to be in any sense the cause of her injury. We find no evidence of negligence in the starting of the train when it was set in motion, nor is it contended that there was any jolt or jerk.

It is settled by *Lucas* v. *New Bedford & Taunton Railroad*, 6 Gray, 64, that she was not entitled to the rights of a passenger, or to any extraordinary care on the part of the defendant, and that if her attempt to leave the train while it was in motion was the cause of or contributed in any degree to the accident she cannot recover. But she contends that the action of the brakeman in beckoning her to the next platform and in saying as he helped her down the steps, " It is all right, not going very fast ; be careful" was negligence on the part of the defendant. If it could be so found, the circumstances which made it negligence were obvious and made it contributory negligence on her part to attempt to leave the train while it was in motion. *Lucas* v. *New Bedford & Taunton Railroad, ubi supra.* Her relation to the defendant not being that of a passenger, she having made no request to have the train stopped, not having been ejected from it or injured until she stepped from it of her own choice, she

cannot recover even if the brakeman was negligent. There was no evidence which would justify a finding either that she acted under any misapprehension or compulsion, or that she was in a condition in which her conduct was not to be judged by the ordinary standard of care.

*Exceptions overruled.*