Pettingell, P. J.
Action of tort in which the plaintiff seeks to recover damages for injuries received by her on a train operated by the defendant, on or about November 21, 1943. The plaintiff’s declaration contains three counts, the first alleging that the plaintiff was a passenger on a train of the defendant arriving at Boston; that its agents *49 and servants negligently announced prematurely that the train had arrived at Boston and brought the cars to a stop and opened the gates; that the plaintiff sought to alight from the train in accordance with the defendant’s invitation when the car suddenly started without any warning and the plaintiff was thrown to the ground and injured.
■Count 2 alleges that the defendant permitted or required the plaintiff to alight when and as a result of the unexpected start of the train the plaintiff was thrown and injured. Count 3 is substantially the same as Count 1, but for property damage.
The trial judge found the following facts, which contain all the evidence material to the questions reported:
“On November 21, 1943, the plaintiff and her husband, who had just been married that day, left Gloucester for Boston at about 10:00 P. M. as passengers on a train of the defendant. Her husband had purchased tickets for them at the railroad station in Gloucester. They sat in the second seat from the rear-in the third car from the front of the train. As the-train approached the North Station, a conductor came from the front of the car, called out ‘Boston’ and opened the rear door of the car. The plaintiff made ready to leave, got up and walked to the rear door. The conductor was standing on the platform facing her and the gates were open. It was nearly 11:00 P. M. and very dark. The station platform was poorly lighted in compliance with government dim-out regulations in' force at the time. The car in which the plaintiff was. riding had just reached the awning over the station platform. There was no one in front of the plaintiff and the conductor who was still in the same position said nothing to her and did nothing to prevent her leaving the train. Believing that the train had come to a full stop, the plaintiff walked out onto the platform, turned right, and proceeded down the steps, taking hold of the ‘grab rail’ as she descended. The train had slowed down as it approached the station and was going only three or four miles per hour — a walking pace — at the time the plaintiff descended the steps. As *50 .she stepped off the last step she was thrown onto the platform by the movement of the train. The train went one and one-half car lengths after the plaintiff fell on the platform. When the plaintiff was picked np by a conductor and a passenger she said she thought the train had stopped.”
The following requests for rulings were filed, the disposition of each ruling being indicated after the statement of the ruling.
(1) The Plaintiff cannot recover because the negligence of the Plaintiff, Dulce Friend, in alighting from a moving train contributed to the accident. Denied.* (2) The Plaintiff cannot recover because the Defendant was not negligent. Denied. (3) If the Court finds' that the Plaintiff, Dulce Friend, alighted from a moving train, then the Plaintiff, Dulce Friend, was negligent as a matter of law. Elger v. Boston Elevated, 226 Mass. 84. Denied. (4) There was no duty upon the Defendant to assume that the Plaintiff, Dulce Friend, would attempt to alight while the train was in motion. Denied. (5) The fact that the platform gates were opened by the Defendant’s servants or-agents before the train came to a full stop does not constitute an invitation to alight from a moving car. Granted as a proposition of law, but the court stated that the facts recited therein together with the facts contained in the findings of fact did constitute >an invitation to the Pla,mtiff to alight as stated therein. (6) There is no negligence on the part of the Defendant in failing to light its platform at the North ¡Station more adequately because the Defendant was then obeying an executive order of the Governor of the Commonwealth of Massachusetts which prescribed certain rules for war-time emergency dimming of lights. Granted) (7) If the Plaintiff, Dulce Friend, was negligent, then she is barred from recovery. Granted as a proposition of law, the court finding, however, that the Plaintiff *51 was not negligent. (8) The court may take judicial notice of the fact that there was a state-wide war-time dim-out at the time of the accident. Granted.
It is apparent from the finding of facts made by the trial judge that the case as presented by the evidence is not one of a jolt or jar caused by a sudden or unexpected jerk or starting up of the train which threw the plaintiff off as she was moving down the steps of the car upon which she was riding but one of an invitation or permission to alight on the assumption that the train had stopped when it was actually still in motion and an alighting while that motion still continued.
The issues involved are the contributory negligence of the plaintiff and the negligence of the defendant, the negligence of the defendant including the existence of an invitation by a defendant’s servant to alight while the train was still in motion.
The plaintiff’s declaration is based upon a sudden starting of the train while the plaintiff was alighting but there was no evidence of a stopping and starting. On the other hand the trial judge found that the plaintiff’s fall was due to her alighting when the train was still in motion. The declaration presents a picture of a train stopping, and a plaintiff on the way out of the car, and a sudden starting of the train by which she was thrown from the car step. The evidence as compared with the declaration, shows a train slowing down for the stop, the plaintiff leaving the car while it was still in motion and stepping off the train while the motion still continued. At no time before the plaintiff fell did the train stop. There was no starting up after it did stop. The declaration presents one picture and the evidence another.
Jolts and jerks and sudden startings and stoppings have a definite place in the liability of street railway companies *52 which is almost entirely absent in the liability of steam railroads. Weinschenk v. New York, New Haven & Hartford R. R., 190 Mass. 250, 251, 252; Foley v. Boston & Maine R. R., 193 Mass. 322, at 334, 335; Hunt v. Boston Elevated Ry., 201 Mass. 182, at 184, 185; Viglas v. Boston, Revere Beach & Lynn R. R., 270 Mass. 264, at 266; Caranicos v. New York, New Haven & Hartford Railroad, 277 Mass. 364, 365.
The finding of the trial judge makes irrelevant and immaterial the long list of cases cited by the plaintiff relating to jolts and jerks of street railway operation and simplifies the issues of fact and law presented by the leaving of a passenger from a railroad train while the train is in motion. Such a situation presents, however, the issues of the negligence of the defendant, that of the passenger, and whether or not there was an invitation on the part of the defendant for the passenger to alight.
By 1891 the law regarding the right of a plaintiff to recover when the injury has been occasioned by the plaintiff’s stepping off a moving train, while it is still in motion, had become more or less definitely crystallized. The earliest case is Lucas v. New Bedford & Taunton Co., 6 Gray 64, decided in 1856, in which the plaintiff had gone to the railroad station to see a friend off, stayed on the train too long, went out of the door of the car after the train had begun to move. It was held that the plaintiff was not in the exercise of ordinary care in attempting to leave the train while it was in motion.
In Gavett v. Manchester & Lawrence Railroad Co., 16 Gray 501, decided in 1860, it was held that a plaintiff a passenger on a train, who, knowing that the train was in motion went out of the car, and while the car was still in motion stepped off upon the station platform and was injured could not recover.
In Harvey v. Eastern Railroad Co., 116 Mass. 269, decided in 1874, the plaintiff attempted to board a train while *53 it was in motion and was injured. It was held that such an attempt, in the absence of any evidence tending to excuse it, conclusively showed, as matter of law, that the plaintiff was not in the exercise of due care.
In England v. Boston & Maine Railroad, 153 Mass. 490, very close on the facts to the instant case, it was held that the plaintiff who stepped off a moving train, supposing that it had stopped, the station platform being dimly lighted, was contributorily negligent.
In many instances the four cases just cited have been taken as establishing a principle of law that a plaintiff who is injured in attempting to board or leave a train in motion is barred from recovery. Torrey v. Boston & Albany R. R. Co., 147 Mass. 412; Merritt v. New York, New Haven & Hartford Railroad, 162 Mass. 326, at 329; Kellogg v. Smith, 179 Mass. 595; Brown v. New York, New Haven & Hartford R. R., 181 Mass. 365, at 367. LaPointe v. Boston & Maine R. R., 182 Mass. 227, at 229; Flaherty v. Boston & Maine R. R., 186 Mass. 567, at 568; Fletcher v. Boston & Maine R. R., 187 Mass. 463, at 464, 465.
In the cases already considered in which the plaintiff was denied the right to recover for injuries received while stepping off a train while the train was in motion the absence of liability has been based on the lack of due care on the part of the plaintiff. In Lucas v. Taunton & New Bedford Co., supra, the court said that she might have avoided injury by the use of ordinary care “that is by remaining in the car.” Gavett v. Manchester & Lawrence Railroad Co., supra, was based flatly upon the plaintiff’s lack of due care. In Harvey v. Eastern Railroad Co., supra, the court said, “The jury, if they were governed by instructions of the court, have found that the plaintiff attempted to get on the train after it had started and while it was in motion. Such an attempt, in the absence of evidence of any circumstances tending to excuse it, conclu *54 sively showed, as matter of law, that the plaintiff was not in the exercise of due care.” The opinion of the court in that case plainly presupposes that there may be extenuating circumstances which a jury might pass upon and might find justified the plaintiff’s attempt.
In Brooks v. Boston & Maine Railroad, 135 Mass. 21, at 22, such extenuating circumstances were found and the plaintiff’s exceptions were sustained. There was evidence tending to show that the train started quietly and had moved only a short distance, so that the plaintiff may not have felt the motion and that in fact she did not know that the • train had started. . Therefore, the cases in which it has been held negligence to get off a train known to be moving do not dispose of the matter . . . The question is whether she ought to have known. She testified that she looked when stepping off, but that it was so dark that she could not see the platform and that she did not look to see whether the train was moving because she felt sure that it was still . . . there was the further testimony that there was no object which any one could see from which it could be found out whether the train was moving or not. If this statement was believed, in addition to the' other elements of the plaintiff’s story, she did all that could be required on the strictest possible view of her duty.
In Merritt v. New York, New Haven & Hartford Railroad, 162 Mass. 326, at 329, in which there was a finding in the Superior Court for the defendant, the court said, in sustaining the plaintiff’s exceptions, “It is a well established general rule, that a passenger who attempts to get On or off a railway train while it is in motion is not in the exercise of due care, and cannot recover for an injury to which his attempt contributed . . . ” But “in a supposable case there may be circumstances which will relieve the passenger making the attempt from the imputation of negligence ...... We cannot say, as matter of law, that *55 in the evening at a dimly lighted station, a train might not start so quietly that a passanger leaving a car in the exercise of ordinary care might go out on the platform and attempt to get off without knowing that train was in motion. ’ ’
The two cases, Brooks v. Boston & Maine Railroad, supra, and Merritt v. New York, New Haven & Hartford Railroad, supra, definitely establish that there is no absolute rule of law that such a plaintiff knew that the train was moving when she tried to get off, that after all it is purely a question of fact. In view of those cases it was proper for the trial judge to find in this case as fact that on the facts found that the plaintiff was not negligent.
There remains the question of the negligence of the defendant in the invitation of its employee to the plaintiff to alight.
In England v. Boston & Maine Railroad, 153 Mass. 490, principally relied upon by the defendant, the court had this to say of such an invitation at page 492, “assuming that the action of the brakeman in calling the station and fastening back the door was to be regarded as an invitation, it was clearly not an invitation to alight until the train came to a stop,” and said further, “But we do not think that the action of the brakeman can, as matter of law, be regarded as an invitation. It was at the most, simply an announcement that the train was near the station and would presently stop and was given in order that the passengers intending to alight there might prepare to do so when the train stopped. The fact that the brakeman did not warn her was not an assurance that it was safe for her to alight. He may well have assumed that although she was upon the platform or on the step she would not actually attempt to alight until the train came to a stop.”
Floytrup v. Boston & Maine Railroad Co., 163 Mass. 152, relied upon by the plaintiff is to be distinguished from the *56 instant case on its facts, the train having stopped and then started again while the plaintiff was getting off.
In Brown v. New York, New Haven & Hartford Railroad, 181 Mass. 365, the plaintiff, who got off a train while it was in motion, testified that he made no attempt to ascertain whether the train was in motion, that if he had paid any attention to what he was doing he would have known that the train was moving and could not recover because of his lack of due care.
In Fletcher v. Boston and Maine Railroad Co., 187 Mass. 463, the court held that even though the announcement of a station by a carrier’s servant may be treated as an invitation to alight, it is not an invitation to leave the train until it is stopped and that where a passenger left the car and stood on the steps upon the announcement of his station, he could not recover for injuries received while at such place, since he was not warranted in being there.
On the issue of an invitation by a servant of the defendant to alight by the opening of the door and the announcement of the name of the next stop, it was held that in the street car case of Elger v. Boston Elevated Railway Co., 226 Mass. 84, that the acts of the defendant’s servant did not constitute an invitation to the passenger to alight from the car while it was in motion.
The defendant claims to be aggrieved by the denial of the first four requests for rulings filed by it. A study of these requests shows that they are either requests for findings of fact, or requests for rulings based upon facts which the judge did not find and was not obliged to find as matter' of law. As to the first category of these requests, see Davis v. Boston Elevated Ry., 235 Mass. 482, at 494; Rollins v. Bay View Auto Parts Co., 239 Mass. 414, at 424; Castano v. Leone, 278 Mass. 429, at 431; Ashapa v. Reed, 280 Mass. 514, at 516; Cameron v. Buckley, 299 Mass. 432, at 434.
*57 As to the second category, see Adams v. Dick, 226 Mass. 46, at 57; Bradley v. Meltzer, 245 Mass. 41, at 43; Shay v. Gagne, 278 Mass. 386, at 390; DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 325; Simpson v. Eastern Mass. Street Ry. Co., 292 Mass. 562, at 565, 566.
The defendant also claims to be aggrieved by the trial judge’s disposition of the 5th requested ruling which had to do with facts recited which the defendant asked to have the trial judge rule did not constitute an invitation to alight from the train. The trial judge granted the request as a proposition of law but the trial judge stated that the facts cited in the request together with other facts found by him did constitute an invitation to the plaintiff to alight from the train.
In other words the defendant finds an inconsistency between the granting of request No. 5 as a proposition of law and the finding of an invitation.
The defendant, however, has not taken the proper steps to present such an error for review. An inconsistency between a general finding, and a ruling or a special finding, is not properly open upon a report to the appellate division “at least until after a ruling by the trial judge. Had such a motion (for a new trial) been made it might have appeared that the alleged contradiction was a clerical mistake which the judge could correct before the entry of judgment.” Duralith Corporation v. Leonard, 274 Mass. 397, at 401; DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324; Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318; Langdoc v. The Gevart Co. Inc. of America, 315 Mass. 8, at 12; Godfrey v. Caswell, Mass. Adv. Sh. (1947) 319, at 320; Devore v. Good, Mass. Adv. Sh. (1947) 343, at 344.
The defendant’s seventh request that the plaintiff could ■not recover if she was negligent was granted as a proposition of law but the trial judge found as fact that she was *58 not negligent, but the trial judge in his findings of fact found that the plaintiff stepped off a moving train “believing that the train had come to a full stop.” The defendant argues that the ruling and findings are inconsistent. "What has been said about the fifth request applies to this request. The question is not open in this report, the defendant having failed properly to present this, question to the district court before claiming a report. See the cases already cited. No prejudicial error appearing the report is to be dismissed.

 The trial court’s ruling and findings on each of the Defendant’s Requests for Rulings are printed in italics following the request.